## SMEDLEY *vs.* SMEDLEY.

[BILL IN EQUITY BY WIFE FOR DIVORCE ON GROUND OF CRUELTY.]

1. *Cruelty defined.*—Actual violence on the part of the husband is not necessary to constitute legal cruelty : any conduct on his part, which furnishes reasonable apprehension that the continuance of the cohabitation would be attended with bodily harm to the wife, is cruelty.

2. *Allegation of cruelty.*—Where the wife's bill alleged, that her husband, "soon after their marriage, commenced treating her, and did treat her, with cruelty and inhumanity ; that on various occasions he has inflicted blows upon her in anger, and with much violence, thereby endangering her health and life ; that he has refused to supply her with the necessaries and comforts of life, when it was in his power to have supplied her with them ; that he still persists in this course of treatment towards her ; and that she cannot, with any degree of comfort or safety, continue longer to live with him,"—*held*, that the allegations were sufficiently definite and certain.

APPEAL from the Chancery Court at Wetumpka.

Heard before the Hon. JAMES B. CLARK.

This bill was filed by Mrs. Harriet Smedley, by her next friend, to obtain a divorce from her husband, George Smedley, on the ground of cruelty. The only allegations of the bill, respecting the defendant's cruel treatment, were as follows: "That her said husband, soon after their marriage, commenced treating her, and did treat her, with cruelty and inhumanity; that on various occasions he has inflicted blows upon her in anger, and with much violence, thereby endangering her health and life; that he has refused to supply her with the necessaries and comforts of life, when it was in his power to have supplied her with them; that he still persists in this course of treatment towards her; and that she cannot, with any degree of comfort or safety, continue longer to live with him." The chancellor sustained a demurrer to the bill, on the ground "that the acts of cruel treatment, with the times and places, must be stated"; and his decree, dismissing the bill without prejudice, is now assigned as error.

WM. H. NORTHINGTON, for the appellant.

JONATHAN HARALSON, contra.

RICE, C. J.—According to the authorities, the suit for divorce, on the ground of cruelty, is substantially a proceeding quia timet. The court interferes, not merely because acts of cruelty have been committed, nor to punish such acts, but to afford protection to the complainant for the future.—Bishop on Marriage and Divorce, §§ 454–501, where the authorities are collected.

Any conduct on the part of the husband, which furnishes reasonable apprehension that the continuance of the cohabitation would be attended with bodily harm to the wife, is legal cruelty to her. Of course, an act of unlawful violence on his part, occasioning pain and injury to her, and implying future risk to her life, limb, or health, amounts to cruelty. But there may be cruelty in him, without actual violence. Thus, if he starve his wife, or, if he refuse to supply her with the necessaries of life, when it is in his power to supply them, it is cruelty in him.

The case made by the bill of the wife, now under con-

sideration, against her husband, is a case of marital tyranny; of deliberate, unmanly, and continuous cruelty. The bill was filed within less than six years after the marriage, and shows that the complainant had resided in this State three years before the bill was filed; that the cruelty complained of began soon after the marriage; and that the husband persisted in it to the filing of the bill. We think the acts of cruelty are sufficiently alleged, and that there was no necessity for greater particularity in alleging the time when and the place where the cruelty occurred. To hold otherwise, would be to hold that greater particularity, in allegations of time and place, is requisite in a bill filed under the Code, for divorce on the ground of cruelty, than in indictments framed under the Code for the highest offenses known to our law.

It is true, that section 1966 of the Code provides that when a divorce on the ground of *adultery* is desired, the suit must be brought "within one year after the discovery of the act (of adultery) charged," or no decree can be rendered for the complainant. But there is no such provision as to a suit for divorce on the ground of *cruelty*; and we have no authority for requiring a complainant, in such a suit as this, to allege more than is alleged in the present bill.

The chancellor erred, in sustaining the demurrer, and dismissing the bill; and his decree is reversed, and the cause remanded. The appellee must pay the costs of the appeal.