# Folmar *v.* Folmar.

## *Bill in Equity for Divorce.*

1. *Divorce in favor of the wife; degrading charges against her, without violence, no ground for.*—Charges made by the husband against the wife, although degrading and humiliating in their character, are not, by themselves, sufficient to authorize a divorce, under section 2687 of the Code; but there must be actual violence inflicted on the person of the wife, attended with danger to her life or health, or such conduct on the part of the husband as generates a reasonable apprehension of such violence.

2. *Same; when insulting or offensive language competent evidence.*—If, however, in such case, there is proof of personal violence, actual or threatened, insulting or offensive language is competent evidence in aid of it.

3. *Presumption in favor of chancellor's conclusion on facts; when indulged in.*—Where there is a conflict in the testimony, the conclusion of the chancellor thereon will not be disturbed, unless this court is clearly convinced that such conclusion is erroneous.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed by the appellee, a married woman, by her next friend, against the appellant, her husband, for the purpose of obtaining a divorce from the bonds of matrimony under section 2687 of the Code of 1876. The facts are sufficiently stated in the opinion.

GAMBLE & PADGETT, for appellant.

GRIFFIN & WOOD, *contra*.

(No briefs came to the hands of the reporter.)

[Folmar v. Folmar.]

STONE, J.—The present suit is an application by the wife to obtain a divorce from the bonds of matrimony, under § 2687 of the Code of 1876. We feel no disposition to collate the testimony. It presents a sad case of domestic infelicity, and a separation after long years of wedded life. The parties belong to the plain yeomanry of the country, and each, in turn, produces strong proof of good character. For the complainant, the proof is convincing that her character as an industrious, economical, virtuous, christian woman, is excellent. The husband has long entertained a morbid, and apparently unreasonable distrust of his wife's fidelity to him; a distrust, in which his best friends and nearest relations did not share. On the contrary, they believed his suspicions unfounded. Maddened by his jealousy, the defendant has, for years, made the life of his wife miserable, by the most degrading and humiliating charges against her of violation of the marriage vow; charges, calculated to shock all sense of decency. But such charges, by themselves, are not enough to authorize a divorce. There must be actual violence inflicted on the person of the wife, attended with danger to her life or health, or such conduct on the part of the husband as generates a reasonable apprehension of such violence. There being proof, however, of personal violence, actual or threatened, insulting or offensive language is received as evidence in aid of it.—1 Bishop Mar. and Div. §§ 722 [459], et seq., Ed. of 1864; *King v. King*, 28 Ala. 315; *Reese v. Reese*, 23 Ala. 785; *David v. David*, 27 Ala. 222; *Smedley v. Smedley*, 30 Ala. 714; *Goodrich v. Goodrich*, 44 Ala. 670.

Mrs. Folmar makes some proof in this case of actual violence done her, and of a threat of violence by her husband. She testifies that her husband choked her and injured her, so that she suffered for some days; and that, at another time, he threatened to kick her.

Mr. Folmar testifies that he never struck his wife. The chancellor granted the divorce. In thus finding, he necessarily believed her statement. The testimony is not as full and satisfactory as we could desire, but we are not clearly convinced the chancellor erred in pronouncing on the testimony.—*Rather v. Young*, 56 Ala. 94; *Bryan v. Hendrix*, 57 Ala. 387.

Affirmed.