# Wood *v.* Wood.

### *Bill for Divorce.*

1. *Divorce; actual or apprehended violence as ground of.*—The wife is entitled to a divorce when the husband has committed actual violence on her person, attended with danger to life or health, or when, from his conduct, there is reasonable apprehension of such violence. (Code, § 2687.) But, to bring a case within this statute, actual violence, or a reasonable apprehension thereof, must be shown; and insulting words, offensive manners, want of civil attention, or other conduct which shocks the sensibilities, wounds the feelings, and causes grief and domestic unhappiness, is not sufficient.

APPEAL from the Chancery Court of Henry.

Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed by the appellant, a married woman, by next friend, against her husband, the appellee, on 18th March, 1885, and sought a divorce *a vinculo matrimonii.* The case made by its allegations is sufficiently disclosed by the opinion. The respondent demurred to the bill: "(1) Because said bill fails to aver or set forth any actual violence committed by respondent on complainant's person, attended with danger to life or health;" "(2) Said bill fails to aver or set forth such circumstances or actions in the conduct of respondent which warrant a reasonable apprehension of actual violence by respondent on the person of complainant attended with danger to the life or health of complainant." The decree of the chancellor sustaining the demurrer is here assigned as error.

CASSIDY & BLACKWELL and WATTS & SON, for appellant.— Bishop on Marriage and Divorce, 1 vol., § 717, gives the following definition in one of his late editions: "Cruelty is therefore such conduct in one of the married parties as renders a continuance of the cohabitation either so dangerous to either in fact, or attended with such reasonable apprehensions of danger in the mind of the other  *  *  *  *  *  *  *  as to demand a separation on the ground of the real physical safety of the other, &c. As to cruelty in Alabama, see *Smedly v. Smedly,* 30 Ala. 714, where the following language occurs: "But there may be cruelty in him without actual violence. Thus, if he starve his wife, or if he refuse to supply her with the necessaries of life when it is in his power to supply them, it is cruelty in him." See also, 1 Bishop, vol. 1, § 725; *Rice*

[Wood v. Wood.]

v. *Rice*, 6 Ind. 100.   If the term "cruelty," as employed in our statutes, is to have its popular exposition, it extends *beyond* mere blows, or threatened blows.   In popular phrase, men are often cruel to their wives though neither inflicting nor threatening blows.   Bishop, 1 vol., §§ 725 and 732; *Hughes v. Hughes*, 19 Ala. 307.   It is cruelty in the husband to confine his wife; or knowingly to deprive her of needful air; or to starve her; or, having the means, to refuse her the necessaries of life; or to withhold medical assistance in sickness, while he is able to provide it.   Bishop, 1 vol., § 735; 1 Robertson, 106.

OATES & COWAN, *contra.*—(1).  The allegations of the bill fail to show any actual violence inflicted on the person of the wife or such conduct on the part of the husband as generates a reasonable apprehension of such violence.   *Folmar v. Folmar*, 69 Ala. 84; *Hughes v. Hughes*, 44 Ala. 698.   (2).  Paragraph 5 of the bill is but the averment of a conclusion.   It does not set forth the facts upon which that conclusion is based.   Averments of conclusion are insufficient to sustain the bill.   *Hill v. Hill*, 10 Ala. 527; *Hughes v. Hughes*, 19 Ala. 311.

CLOPTON, J.—So long as the statute was in force, which made the cruel, barbarous and inhuman treatment of the husband a ground of divorce in favor of the wife, the question of the kind and degree of cruelty was open for adjudication by the courts; and included the scope of the ingenuity of an unmanly, heartless and tyrannical man to devise plans to harass and torture a refined and sensitive woman, as endangering to life or health, though it may be more lingering in its operation, as personal violence.   The present statute, under which this bill is brought, undertakes to define the kind and degree of cruelty necessary to constitute a cause of divorce.   The language is:   "In favor of the wife, when the husband has committed actual violence on her person, attended with danger to life or health, or when, from his conduct, there is reasonable apprehension of such violence."   Under the statute, it is requisite that there shall be physical or bodily violence or a reasonable apprehension of such violence, as distinguished from harsh and criminatory words, rude and offensive manners, want of civil attention, or other conduct, which wounds the feelings, shocks the sensibilities, and occasions grief, and sorrow, and domestic infelicity, but do not cause a reasonable apprehension of bodily harm.   Such has been the construction of the statute since its enactment.   *Folmar v. Folmar*, 69 Ala. 84; *Goodrich v. Goodrich*, 44 Ala. 670.   With this judicial construction the statute was re-enacted, and incorporated in the Code of 1876.   (§ 2687.)   Other conduct or words, insulting,

offensive or neglectful, may be received in aid of proof of personal violence, actual or threatened, as tending to show, whether it is attended with danger to life or health, or whether the conduct is of a character to cause such reasonable apprehension. This is the purport of the decision in *Smedly v. Smedly*, 30 Ala. 714, when construed in reference to the facts of the case.

The allegations of the bill, which are taken as true on demurrer, make a case of an absence of common attention; a non-observance of the most ordinary courtesies; heartless neglect; an unfeeling indifference to the comfort and relief of his wife in sickness; a disregard of the obligations of marital vows; holding the wife in the capacity of a menial servant, when able to relieve her from such service, instead of an equal and companion in life; viewing the marriage relation as merely physical and sexual; and a want of affection for his own offspring. While the bill makes a case of treatment and conduct, disgraceful to the husband, and deplorable to the wife, productive of domestic unhappiness, there is no allegation of actual violence on her person, or of threat or conduct, from which there is reasonable apprehension of such violence.

Affirmed.