# Morrison v. Morrison.

### Bill for Divorce.

(Decided Feb. 3, 1910.—51 South. 743.)

*Divorce; Cruelty; Evidence.*—The evidence in this case examined and held insufficient to authorize the granting of a divorce under section 3795, Code 1907.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

[Morrison v. Morrison.]

Bill by Nell Morrison against Roddy Morrison, for divorce on the grounds of cruelty and habitual drunkenness. Decree for respondent and complainant appeals. Affirmed.

GASTON & PETTUS, for appellant.—Counsel insist that under the evidence, a case of cruelty was made out, and cite in support thereof.—*David v. David,* 27 Ala. 222; *King v. King,* 28 Ala. 315; *Smedly v. Smedly,* 30 Ala. 714; *Goodrich v. Goodrich,* 44 Ala. 670.

ALLEN & BELL, for appellee.—The proof did not make a case of habitual drunkenness, and this being purely a question of fact, the conclusion of the chancellor will not be disturbed unless found to be clearly erroneous. —*Edwards v. Edwards,* 80 Ala. 97. No cruelty authorizing a divorce was shown.—*Hughes v. Hughes,* 19 Ala. 312; *Wood v. Wood,* 80 Ala. 254; *Folmar v. Folmar,* 69 Ala. 84.

ANDERSON, J.—The complainant sought a divorce from the respondent: First. Under section 3795 of the Code of 1907, which reads as follows: "To wife in case of cruelty by husband.—In favor of wife, when the husband has committed actual violence on her person, attended with danger to life or health, or when from his conduct there is reasonable apprehension of such violence." Second. Under paragraph 6, § 3793, for becoming addicted after marriage to habitual drunkenness.

This court, in construing section 3795, has held that it is incumbent upon the wife to show actual violence upon her person, attended with danger to life or health, or from the conduct of the husband there is reasonable apprehension of such violence.—*Wood v. Wood,* 80 Ala. 254; *Folmar v. Folmar,* 69 Ala. 84. While the com-

plainant has shown some acts of violence by herself and a domestic or companion, and in a measure is corroborated by her mother, the respondent's proof is of a most excellent character, by many of his neighbors and covering a continuous period of many years, together with his own denial, the evidence of the nurse attending his wife, and the absolute contradiction of the complainant as to the manner in which he provided for her, is sufficient to seriously question the truth of the complainant's proof as to violence. On the other hand, assuming that her evidence is true, it is questionable as to whether or not it was such as to endanger her life or health, or to create a reasonable apprehension of violence that would endanger her life or health, and which would be essential to warrant a dissolution of the marriage ties, notwithstanding his conduct would be most reprehensible, if what the wife claimed was true.

The complainant absolutely failed as to the charge of habitual drunkenness, as respondent showed by many witnesses, who knew him long and intimately, preachers, doctors, business men, ladies, and co-workers, that he was not only a man of general good character, but of sobriety as well, and that he seldom indulged in strong drink, and never to excess.

We are not prepared to say, that the allowance for the child was not sufficient. Moreover, the trial court has left the matter open, and can increase the allowance in the future, should the parties not return to each other, and can increase or decrease the amount in keeping with the demands of the child and the financial condition of the respondent.

The decree of the circuit court is in all respects affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.