# Carr v. Carr.

## Divorce.

(Decided April 19, 1911.   55 So. 120.)

1. *Divorce; Cruelty; What Constitutes.*—Any conduct of a husband which furnishes reasonable apprehension that the continuance of the marital relation would be attended with bodily harm to the wife constitutes legal cruelty as to her, though it does not necessarily require actual violence.

2. *Same; Evidence.*—The evidence in this case stated and examined and held to require a finding for the complainant on the ground of cruelty.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Bill by Lucy Carr against Zenus Carr for divorce on account of cruelty. From a decree dismissing the bill, complainant appeals. Reversed and rendered.

[Carr v. Carr.]

The allegations as to the cruelty are as follows: "Orator avers that just prior to the said separation the defendant cursed orator and threatened to kill her, and struck at her with a chair, and that on the day of the said separation defendant ran orator out of the house and threatened to kill her; and orator avers that she was put in fear of being done great bodily harm if she tried to continue to live with the defendant."

MATHEWS & MATHEWS for appellant. The complainant was entitled as a matter of law under the evidence in this case to a decree of divorce on the grounds of cruelty.—*Hughes v. Hughes,* 19 Ala. 307; *Smedley v. Smedley,* 30 Ala. 719; 3 S. & T. 139; 72 Tex. 250; 12 S. W. 167; 106 Ill. 285; 4 Mass. 587.

No counsel marked for appellee.

MAYFIELD, J.—Appellant filed her bill for divorce on the ground of cruelty. The husband failed to answer, and a decree pro confesso was duly taken against him. Evidence was then taken by the complainant, which, if true—and there was nothing to the contrary—proved the averments of the bill. And the averments were sufficient under the statute.

The complainant testified as follows: "The defendant and I were married in Bessemer, Ala., on the 17th day of October, 1906, and lived together as man and wife in said city and county until on or about the 13th day of September, 1908, at which time defendant, Zenus Carr, ran me out of his house and threatened to kill me, and from his conduct I was put in fear of being done great bodily harm by trying to remain with him and live with him; that defendant, just prior to the day of the separation, cursed me and threatened to kill me, and

struck at me with a chair." Mattie Johnson testified as follows: "I know Lucy Carr and Zenus Carr, and have known them since before they were married. I lived right close to him during the time they lived together, and visited them often, and lived in the house with them some. I was present the day they separated. Zenus Carr ran Lucy Carr out of the house and threatened to kill her, and cursed her in the bitterest sort of manner, and told her he would kill her if she ever returned." Edna Townes testified to substantially the same facts. On what theory the court dismissed the bill we are not informed. There is no opinion of the judge; and, as the respondent never appeared, no counsel appears for appellee.

In the case of *Smedley v. Smedley*, 30 Ala. 715, this court, by Rice, C. J., spoke as follows on this subject: "According to the authorities, the suit for divorce on the ground of cruelty is substantially a proceeding quia timet. The court interferes, not merely because acts of cruelty have been committed, nor to punish such acts, but to afford protection to the complainant for the future. Bishop on Marriage and Divorce, § 454—501, where the authorities are collected. Any conduct on the part of the husband, which furnishes reasonable apprehension that the continuance of the cohabitation would be attended with bodily harm to the wife, is legal cruelty to her. Of course, an act of unlawful violence on his part, occasioning pain and injury to her, and implying future risk to her life, limb, or health, amounts to cruelty. But there may be cruelty in him, without actual violence." This decision has been followed in the cases of *Turner v. Turner*, 44 Ala. 449, *Goodrich v. Goodrich*, 44 Ala. 670, *Folmar v. Folmar*, 69 Ala. 84, and *Wood v. Wood*, 80 Ala. 256.

[Nelson, et al. v. Wadsworth, et al.]

The decree appealed from is reversed, and a decree will be here rendered in accordance with the prayer of the bill.

Reversed and rendered.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.