(115 So. 27)

TILLERY v. TILLERY.    (6 Div. 937.)

Supreme Court of Alabama.    Oct. 13, 1927.

Rehearing Denied Jan. 12, 1928.

1. Divorce ⊙57, 152—Courts of equity, in granting divorce a vinculo, are courts of statutory jurisdiction, and jurisdictional facts must appear affirmatively from record (Code 1923, §§ 7407–7413).

Jurisdiction of court of equity to grant divorce a vinculo does not exist independent of Code 1923, §§ 7407–7413, and it is essential to validity of proceedings that jurisdictional facts affirmatively appear from record.

2. Divorce ⊙152—Unless statutory ground for divorce is alleged in bill, proceedings are wholly void (Code 1923, §§ 7407–7413).

Unless ground for divorce, under Code 1923, §§ 7407–7413, is alleged in bill, proceedings are coram non judice and wholly void.

3. Divorce ⊙93(3)—Bill held not to allege cause of action for divorce under statute, on ground of violence or threatened violence on wife's person.    (Code 1923, § 7409).

Bill for divorce by wife, alleging that husband "so conducted and bemeaned himself toward complainant as to generate in the existence and mind of complainant a reasonable apprehension of actual violence on his part toward her," held not to show that husband had committed actual violence on wife's person, attended with danger to life or health, or that from his conduct there was reasonable apprehension of such violence, so as to allege grounds for divorce under Code 1923, § 7409.

4. Divorce ⊙152—Where no statutory ground of divorce was alleged, decree dissolving marriage was void, and marriage relation still existed (Code 1923, §§ 7407–7413).

Where no ground for divorce, under Code 1923, §§ 7407–7413, was alleged in bill for divorce, decree dissolving marriage was void, and marriage relation still existed.

5. Divorce ⊙152—Where other relief granted by decree was incidental to abortive divorce proceeding, entire decree was void.

Where other relief granted by divorce decree was incidental to abortive divorce proceeding, entire decree was void.

6. Divorce ⊙177—Divorce decree being void for want of jurisdiction, subsequent proceeding seeking to modify original decree was also void, and would not support appeal.

Decree in divorce proceeding being void for want of jurisdiction, subsequent proceeding, seeking to modify original void decree, was likewise without jurisdiction, and subsequent decree was also void, and would not support appeal.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Petition of Sallie J. Tillery for modification of a final decree of divorce in the suit of petitioner against J. T. Tillery, in the matter of allowance of alimony and custody of a child.    From a decree modifying the former decree, respondent appeals.    Appeal dismissed.

W. M. Adams, of Tuscaloosa, for appellant.

De Graffenried & Foster, of Tuscaloosa, for appellee.

In view of the decision, it is not necessary that briefs be here set out.

BROWN, J.    [1] The statutes conferring jurisdiction on courts of equity to divorce persons from the bonds of matrimony limit the jurisdiction by prescribing the causes or grounds upon which divorces may be granted, prescribing the procedure and requiring that "the cause for which the decree is sought must be alleged in the bill," and prohibiting the granting of a decree on the confession of the parties, or either of them, or on certain statutory grounds produced by connivance, or where both parties are guilty, or the offense has been condoned.    Code 1923, §§ 7407–7413.    This jurisdiction does not exist independent of the statute, and hence courts of equity, in exercising jurisdiction to grant divorce a vinculo, are courts of statutory and limited jurisdiction, and it is essential to the validity of the proceedings that the jurisdictional facts affirmatively appear from the record.    Martin v. Martin, 173 Ala. 111, 55 So. 632; Crimm v. Crimm, 211 Ala. 13, 99 So. 301; 7 Mayf. Digest, p. 254.

[2] One of the jurisdictional facts essential to the validity of the proceedings is that a statutory cause or ground for divorce must be alleged in the bill, and failing in this the proceedings are coram non judice and therefore wholly void.    Martin v. Martin, supra; Trammell v. Pennington, 45 Ala. 673; Joiner v. Winston, 68 Ala. 129; State v. M. & G. R. R. Co., 108 Ala. 29, 18 So. 801; Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903; Wiley v. State, 117 Ala. 158, 23 So. 690.

The bill in this case is by the wife against

the husband, and the only ground alleged in the bill is stated thus:

"The complainant avers that hitherto in, to wit, the month of March, 1926, said respondent on two or more occasions *so conducted and bemeaned himself toward complainant as to generate in the existence and mind of complainant a reasonable apprehension of actual violence on his part toward her.*" (Italics supplied.)

[3] Aiding these averments with every reasonable intendment, as a matter of construction, they fall far short of showing, or tending to show, that "the husband has committed actual violence on her person, *attended with danger to life or health,*" or that from his conduct there was "reasonable apprehension of such violence." Code 1923, § 7409; Farmer v. Farmer, 86 Ala. 322, 5 So. 434; Wood v. Wood, 80 Ala. 254; Folmar v. Folmar, 69 Ala. 84.

[4] It follows, therefore that the decree of April 27, 1926, is void in so far as it undertook to dissolve the marriage relation existing between the parties, and that relation still exists.

[5] It clearly appears that the other relief granted by the decree was incidental to the abortive divorce proceedings, and the entire decree must be pronounced void.

[6] The decree being void for want of jurisdiction, the subsequent proceedings, seeking to modify the original void decree, were likewise without jurisdiction, and the subsequent decree is also void, and will not support the appeal. Gunter v. Mason, 125 Ala. 644, 27 So. 843; White v. Hewlett, 143 Ala. 374, 42 So. 78.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.