(121 So. 710)

**THOMAS v. THOMAS. (4 Div. 428.)**

Supreme Court of Alabama. April 11, 1929.

Sollie & Sollie, of Ozark, for appellant.

GARDNER, J. The wife seeks a divorce from her husband. Upon consideration of the cause for final decree on pleadings and proof, the chancellor denied her relief, and from such decree she prosecutes this appeal.

The ground for divorce most seriously stressed is that of cruelty. The parties have been married since 1904, and have remained childless. Complainant insists she desired children, and so informed her husband, and her charge of cruelty is rested upon evidence to the effect that by his conduct and against her will conception was prevented.

That portion of section 7409 of the Code of 1923, here applicable, has remained without material change and received the construction of this court at an early period after its enactment, which is well and succinctly expressed in the headnote to the case of Wood v. Wood, 80 Ala. 254, as follows:

"The wife is entitled to a divorce when the husband has committed actual violence on her person, attended with danger to life or health, or when, from his conduct, there is reasonable apprehension of such violence. Code, § 2687. But, to bring a case within this statute, actual violence, or a reasonable apprehension thereof, must be shown; and insulting words, offensive manners, want of civil attention, or other conduct which shocks the sensibilities, wounds the feelings, and causes grief and domestic unhappiness is not sufficient."

The Wood Case was cited approvingly in Morrison v. Morrison, 165 Ala. 191, 51 So. 743, and in Tillery v. Tillery, 217 Ala. 142, 115 So. 27. The case of Goodrich v. Goodrich, 44 Ala. 670, noted by appellant, supports the Wood Case, and is cited therein. Such being the settled construction of our statute, it is clear that the holding of authorities of other jurisdictions upon statutes of varying language, cannot have influence here. 19 C. J. 43.

No discussion of the evidence is deemed necessary. Suffice it to say the same has been duly considered by the court in consultation, and the conclusion reached in accord with that of the chancellor, that, however reprehensible the conduct of respondent may be shown to be, cruelty as defined in our statute, and construed by this court, has not been established.

We have duly considered the argument of counsel as to the charge of adultery as a ground for divorce. It may be seriously questioned that the bill sufficiently charges adultery, although no demurrer was interposed. Tillery v. Tillery, supra; Holston v. Holston, 23 Ala. 777; 19 C. J. 109. But, that question aside, and left undetermined, we are of the opinion the proof in this respect was of too general and uncertain a character to justify relief upon that ground. Powell v. Powell, 80 Ala. 595, 1 So. 549; Jeter v. Jeter, 36 Ala. 391; Morrison v. Morrison, 95 Ala. 309, 10 So. 648.

The husband has been living apart from the wife since January, 1928. A reunited household is most improbable. Counsel argue the dismissal of the bill should have been without prejudice to the right of complainant to institute further proceedings for a divorce in the future. Doubtless the chancellor would have so provided, had his attention been directed thereto.

197

The decree will be here modified, to the end that the dismissal of the bill be without prejudice as above indicated, and, as so modified, will be affirmed, at the cost of appellant.

Modified and affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.