48 So.2d 202

**HAMMON v. HAMMON.**

8 Div. 538.

Supreme Court of Alabama.
Oct. 19, 1950.

Jas. M. Proctor, of Scottsboro, for appellant.

H. O. Weeks, of Scottsboro, for appellee.

LAWSON, Justice.

Suit by the wife against the husband for divorce and alimony. The ground for divorce was cruelty. Upon consideration of the cause for final decree on pleading and proof, the trial court granted the wife a divorce and awarded her alimony in the sum of $3,500.

From that decree the husband prosecutes this appeal. The main contention for reversal is that cruelty within the meaning of our statute was not proven.

At the time of the separation, on to wit, April 3, 1947, these parties were living on a farm in Jackson County, Alabama. They had lived and worked on this farm for almost twenty years prior to the time of the separation. Both of them had performed the arduous duties incident to such a life. While it appears from the evidence that most of the farm wives in the community in which they lived worked in the fields from time to time, we think the evidence shows that the complainant has worked harder, perhaps, than most of the farm wives in the community. However, the evidence in this respect falls far short of supporting the contention made here by counsel for the appellee that she was forced by the husband to perform the duties in the field and that she was in fact treated by him as a slave and denied food, clothing, medical attention, and other necessities of life which he was able to provide.

The evidence does show that the husband was far from being a spendthrift and perhaps was entirely too frugal. But it does not show that his frugality resulted in deprivation to the wife of the necessities of life.

While the evidence may show unkindness, offensive manners, want of civil attentions, and at times conduct that may have tended to shock the sensibilities, wound the feelings, and cause great domestic unhappiness, yet such evidence does not suffice to meet the requirements of our statute of "actual violence on her person, attended with danger to life or health, or when from his conduct there is reasonable apprehension of such violence". § 22, Title 34, Code 1940. We have quoted from § 22, Title 34, Code 1940, inasmuch as it was the applicable law at the time this suit was filed. Of course, that section has subsequently been amended so as to make cruelty a ground for divorce

in favor of the husband as well as in favor of the wife.

Our statute was construed as above indicated in Wood v. Wood, 80 Ala. 254, and, without material change in this regard, has been several times reenacted by the lawmaking body. Such is its settled construction. Roobin v. Roobin, 224 Ala. 53, 139 So. 90; Thomas v. Thomas, 219 Ala. 196, 121 So. 710; Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Morrison v. Morrison, 165 Ala. 191, 51 So. 743.

The only legal evidence offered on behalf of complainant showing that the respondent ever committed an act of violence on her person is her own statement that about thirteen or fourteen years prior to the separation respondent hit or slapped her. Respondent admitted this act of violence, but testified that he immediately begged his wife's forgiveness and that during the ensuing years they lived together as man and wife he never committed another act of violence upon her person. In this statement he is corroborated by the testimony of the complainant.

This one act of violence committed more than thirteen years before the separation, during which time it appears that the parties continued to live together as man and wife, could not, standing alone, warrant a dissolution of the marital relationship at this time.

But a decree of divorce may be granted under our statute on the ground of cruelty even though no actual violence is shown. In Harris v. Harris, 230 Ala. 508, 510, 162 So. 102, 103, speaking to this cause for divorce, the court said: "It is not necessary to authorize the granting of a divorce to the wife on the ground of 'cruelty' that she allege and prove that the husband has committed actual violence on her person attended with danger to life or health. Averments which show a course of conduct on the part of the husband creating reasonable apprehension of such conduct, and from such conduct the complainant has 'reasonable apprehension' that he will commit such violence on her person attended with danger to her life or health, are sufficient. Code 1923, § 7409, as amended by Gen.Acts

1933, Ex.Sess. p. 142 [Code 1940, Title 34, § 22]; Farmer v. Farmer, 86 Ala. 322, 5 So. 434; Wood v. Wood, 80 Ala. 254; Hughes v. Hughes, 19 Ala. 307." See Carr v. Carr, 171 Ala. 600, 55 So. 96; Sams v. Sams, 242 Ala. 240, 5 So.2d 774.

The complainant testified as to threats which she says the husband made against her and which she contends constituted conduct on his part from which she could reasonably apprehend violence to her person, attended with danger to life or health.

As before indicted, the separation occurred on April 3, 1947. A few days prior to that date the complainant had gone on a visit to her mother in Chattanooga. She had consulted a physician, who prescribed treatment for her. After several days in Chattanooga, she returned to the farm home in Jackson County and then advised the respondent that she was going to leave him for good and return to her mother's home in Chattanooga.

According to the complainant's testimony, after she told respondent that she was going to leave him, he threatened to kill her and to otherwise forcibly mistreat her if she did leave him.

Except for the threats which the complainant claims the husband made against her after she had advised him of her intention to leave him for good, the only other evidence as to threats appears in the following statement of the complainant: "Every time I said anything about getting anything for the house or anything, it always ended with him drawing a chair over my head and saying he would beat my brains out."

The respondent emphatically denies making any of the threats about which complainant testified. It is without conflict in the evidence that the respondent requested the complainant not to leave him. At the wife's request, the respondent did secure a truck, in which was loaded a large portion of the household effects and other property, which the wife took with her to Chattanooga. The wife admits that while the truck was being loaded the respondent cried and asked her to remain with him.

The respondent testified at the trial that he wanted his wife to return to him and

**290**

that he would do all that he could to take care of her.

The burden of proof in a case of this kind is, as usual, upon the complaining party, and here complainant's burden is to reasonably satisfy the court of the truth of her charge of conduct on the part of respondent amounting to culpable cruelty. Jones v. Jones, 189 Ala. 286, 66 So. 4; White v. White, 207 Ala. 533, 93 So. 457; Apperson v. Apperson, 217 Ala. 157, 115 So. 229.

Without here dissecting and weighing the evidence in detail, we are content to simply say that it has been carefully considered and that we are not reasonably satisfied, in view of the countervailing evidence, that respondent has been guilty of the misconduct charged.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.