223 So.2d 277

**Frank H. McDOWELL**

v.

**Dorothy B. McDOWELL.**

**6 Div. 610.**

Supreme Court of Alabama.

May 8, 1969.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Corretti, Newsom, Rogers & May, Birmingham, for appellee.

LAWSON, Justice.

This appeal is from a decree in a divorce suit which, among other relief, granted the wife an absolute divorce, gave her the custody of the minor son of the parties, awarded her the sum of $200 a month "as alimony and support and maintenance for herself and minor child," and which further decreed "that the 230 shares of telephone stock shall be divided equally between the parties."

The appellant's argued assignments of error raise four questions: the failure of the trial judge to sustain the husband's demurrer interposed to the wife's bill, which took the point that said bill failed to properly allege cruelty; the failure of proof even if properly alleged; the amount awarded by the trial court to the wife "as alimony and support and maintenance for herself and minor child"; and the division of stock jointly owned by the parties.

Appellant's first assignment of error reads: "The Court erred in overruling

the Respondent's demurrer to the bill of complaint." We take note of the fact that the demurrer was not refiled to the bill as amended on the date of trial so as to change the date on which the original complaint alleges that appellee committed actual violence on the person of appellee from January 21, 1967, to May 15, 1967. But since the said assignment of error is not directed to the bill as amended but "to the bill of complaint," we do not think the failure to refile the demurrer to the bill as amended precludes us from considering the first assignment of error. In Birmingham Railway, Light & Power Co. v. Fox, 174 Ala. 657, 669, 56 So. 1013, 1017, we said in part:

"We therefore hold that a demurrant or pleader cannot invoke a ruling on pleading as to a complaint to which said demurrer or plea is not interposed, and the court has no right to interpose them for him; but this is an entirely different proposition from a party's right to review a ruling on his plea or demurrer to the original complaint, and which was made before the amendment of same, and which was not reinterposed after the amendment. * * *"

Also see Southern Railway v. Hanby, 183 Ala. 255, 62 So. 871; Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230; Crittenden v. Speake, 240 Ala. 133, 198 So. 137.

Although not necessary to a decision in this case, we would also like to call attention to the following language in Birmingham Railway, Light & Power Co. v. Fox, *supra*:

"* * * We therefore hold that the amendment to counts 2 and 4 only changed the name of the motorman, and in no way materially affected or obviated the defects attempted to be reached by the demurrer, and in this respect the amendment wrought no change in said counts, and the defendant did not waive rulings, on its demurrers to the said counts, by failing to refile its said demurrers after the amendment." (174 Ala. 672, 56 So. 1018.)

The statutes conferring jurisdiction on courts of equity to divorce persons from the bonds of matrimony limit the jurisdiction by prescribing the causes or grounds upon which divorces may be granted prescribing the procedure and requiring that: "* * * the cause for which the divorce is sought must be alleged in the bill, * * *"

One of the jurisdictional facts essential to the validity of the proceedings is that a statutory cause or ground for divorce must be alleged in the bill and failing in this, the proceedings are *coram non judice* and therefore wholly void. Tillery v. Tillery, 217 Ala. 142, 115 So. 27, and cases cited.

As here pertinent, § 22, Title 34, Code 1940, as amended, reads:

"In favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence. * * *"

The ground for divorce in the wife's bill is stated in Paragraph 3 of the bill, which reads:

"The complainant avers that the respondent has committed physical cruelty on her person and that she is afraid to live with the respondent for fear that he will commit further and additional bodily harm and injury on the person of the complainant. On or about January 31, 1967, the respondent committed actual violence on the complainant's person by striking her and threatening to do further and additional bodily harm to her."

Aiding these averments with every reasonable intendment, as a matter of construction, they fall short of showing or tending to show that the respondent hus-

band has committed actual violence on the complainant's person, "attended with danger to life or health," or that from the husband's conduct there was "reasonable apprehension of such violence." See Tillery v. Tillery, *supra.*

In the first sentence of Paragraph 3 of the bill there is an averment of "physical cruelty," but without further characterization. In the second sentence of that paragraph it is alleged that the respondent "committed actual violence on the complainant's person by striking her and threatening to do further and additional harm to her." This allegation does use the words "actual violence" employed by the statute (§ 22, Title 34, *supra*), but again without a characterization of the degree of the violence. The statute, *supra,* does not make every occurrence of actual violence a ground for divorce. It is only actual violence of a degree attended with danger to life or health that is a ground for divorce. The complaint not only does not describe the "actual violence" or the "physical cruelty" complained of as being attended with danger to life or health, it does not contain allegation of facts which can be said to show such a degree of violence or cruelty. In the absence of such, complainant's bill, in our opinion, does not state a ground for divorce under the statute.

We have applied a rather liberal rule of pleading in divorce cases, especially in respect to allegations of cruelty. But in no case which has come to our attention have we upheld a bill similar to the one in this case.

We hold that the demurrer interposed by the appellant to appellee's bill should have been sustained.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.