235 So.2d 676

**Frank H. McDOWELL**

**v.**

**Dorothy B. McDOWELL.**

6 Div. 40.

Court of Civil Appeals of Alabama.

April 29, 1970.

Rehearing Denied May 13, 1970.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Corretti, Newsom, Rogers & May, Birmingham, for appellee.

THAGARD, Presiding Judge.

From a final decree of the Circuit Court of Jefferson County, Alabama, in Equity, awarding appellee (complainant in the court below) a divorce a vinculo matrimonii on the ground of statutory cruelty, together with the custody of the only child of the parties, child support, alimony, and an attorney's fee, this appeal was taken by appellant (respondent in the court below).

This is the second appeal in this case. On the former appeal the Supreme Court reversed because of the failure of the lower court to sustain respondent's demurrer to the bill of complaint. The court said that the bill did not properly and sufficiently charge statutory cruelty. McDowell v. McDowell, 284 Ala. 158, 223 So.2d 277.

■ After reversal, appellee amended her complaint, appellant again demurred, and the trial court again overruled. Appellant's Assignment of Error No. 1 is directed to that ruling of the trial court. We are of the opinion that the amended complaint sufficiently charged statutory cruelty and was good against demurrer.

■ Assignments of Error Nos. 2 and 3 say that the trial court erred in granting the divorce, and appellant vigorously argues that the evidence was insufficient to support the charge of statutory cruelty.

There are no unusual facts or novel propositions of law involved, and we do not think it necessary to dissect the evidence. Suffice it to say that after having carefully studied the briefs and read the transcript of the evidence, and having indulged every reasonable presumption in favor of the findings of the trial court, we are of the opinion that the findings of the trial court were plainly and palpably wrong and that the divorce should not have been granted. The decree is reversed and the cause remanded for such further proceedings as the parties and the court may see fit to have.

Reversed and remanded.

WRIGHT, Judge (dissenting).

I must respectfully dissent from the opinion of my colleagues in this matter.

I most frankly admit that the evidence of the appellee in support of her charged grounds for divorce, when considered on appeal by reviewing a cold record, is extremely tenuous and subject to scepticism as to its verity. The vantage point of an appellate court tends to often be remote. It may be, and has been, said that our cold and technical viewpoint would be measurably tempered had we been present on the field where the contest was waged and where we could feel the heat of battle and observe the contestants in action, as did the trial judge below. It is because the appellate courts have realized there is distinct advantage in being a participant in and close observer of the battle as it ebbs and flows, that they have declared and consistently followed the principle that the finding of fact of the trial judge will not be

disturbed on appeal if under any reasonable inference from the evidence the decree is fairly supported. Adams Supply Co. v. U. S. Fidelity & Guaranty Co., 269 Ala. 171, 111 So.2d 906; Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558.

The majority opinion does not disclose any of the evidence, thus it is not indicated wherein the decree of the trial court was plainly and palpably wrong. I am led to believe that the basis of the majority opinion is the disbelief of the testimony of the appellee. It is in this area that I feel the majority went astray.

Our review of the evidence causes us to conclude that there was sufficient evidence, if believed, to support the finding of fact and decree of the trial court.

Whether this Court, upon review, does or does not, believe the witness, is not a proper ground for reversal. Under the authority of innumerable decisions of our appellate courts, we are not to substitute our judgment for that of the trier of the facts on the effect of evidence dealing with the pivotal question of fact. This rule applies, even though we might have reached a different conclusion from the same facts. Vickers v. Vickers, 273 Ala. 645, 144 So.2d 8; Krieger v. Krieger, 276 Ala. 466, 163 So. 2d 623.

Experience has taught us that reasonable men may differ in their conclusions from the same set of facts. The majority of this Court has reached a different conclusion from the trial judge after reviewing the transcript of the evidence below. I think they are wrong to reverse on that basis. I believe there is evidence in the record to support the presumption of the correctness of the decree of the court below. Whether I differ with the trial judge as to the credibility of the witness presenting the evidence is not the point of consideration on review. After indulging all presumptions raised by law and all reasonable inferences arising from the evidence, I cannot hold that the decree of the trial court is plainly and palpably wrong.