261 So.2d 420

In re Frank H. McDOWELL

v.

Dorothy B. McDOWELL.

Ex parte Frank H. McDowell.

6 Div. 873.

Supreme Court of Alabama.

March 9, 1972.

Rogers, Howard, Redden & Mills, Birmingham, for petitioner.

No brief from respondent.

LAWSON, Justice.

We granted the petition for writ of certiorari filed by Frank H. McDowell to review the decision and judgment of the Court of Civil Appeals in the case of McDowell v. McDowell, 261 So.2d 415.

The writ was duly issued and the cause was submitted here on September 23, 1971, upon the transcript and brief of petitioner, Frank H. McDowell.—Supreme Court Rule 39, as amended. No brief has been filed in this court on behalf of the respondent, Dorothy B. McDowell.

The petitioner avers in his petition filed in this court, in effect, that the decision of the Court of Civil Appeals here under review is in conflict with prior decisions of this court on the same points of law. See § 32 of Act 987, approved September 12, 1969, Acts of Alabama 1969–1970, Vol. II, p. 1744, the provisions of which are carried in the 1969 Cumulative Pocket Part to Vol. 4 of the 1958 Recompiled Code of Alabama as § 111(32), Title 13.

The history of this litigation is to a large degree set forth in the opinion of the Court of Civil Appeals here under review, but we have gone to the original record filed in that court on the last appeal, to the decree entered in that court, to the original records filed in the former appeals to this court and to the Court of Civil Appeals, in order to get a better understanding of the controversy and of the rulings of the Court of Civil Appeals which petitioner would have us review. See Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721; Merchants National Bank of Mobile v. Morris, 273 Ala. 117, 136 So.2d 193; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Bohanan v. Dodd, 7 Ala.App. 220, 60 So. 955.

Dorothy B. McDowell filed suit against her husband in the Circuit Court of Jefferson County, in Equity, on August 16, 1967. The stating part of the bill, in pertinent parts, reads as follows:

"2. That the complainant and respondent were lawfully married at Bessemer, Jefferson County, Alabama, on January 16, 1954, and there has been born as a result of said marriage one child, Michael Harold McDowell, age five.

"3. The complainant avers that the respondent has committed physical cruelty on her person and that she is afraid to live with the respondent for fear that he will commit further and additional bodily harm and injury on the person of the complainant. On or about January 31, 1967, the respondent commited actual violence on the complainant's person by

striking her and threatening to do further and additional bodily harm to her."

Aside from the prayers for process, reference and general relief, the bill prayed:
". . . Complainant further prays that upon a final hearing of this cause, Your Honors will enter a decree granting to the complainant an absolute divorce from the respondent and granting to the complainant a reasonable amount for alimony, and for support and maintenance of your complainant and the said minor child of the parties."

After demurrer interposed to the bill as a whole was overruled, the respondent husband filed his answer. Following the taking of testimony, the trial court rendered a decree which, among other relief, granted the complainant wife an absolute divorce; awarded her the custody of the minor son of the parties with right of reasonable visitation being given to the father; gave to the complainant wife and the minor child the use and occupancy "of the family home" and the right to use the furniture, furnishings and household goods therein; awarded the wife the sum of $200 a month "as alimony and support and maintenance for herself and minor child"; ordered that "the 230 shares of telephone stock shall be divided equally between the parties."

Frank McDowell, the respondent husband, appealed to this court. We reversed, holding in effect that complainant's bill did not state a statutory ground for divorce and, therefore, the demurrer to the bill as a whole should have been sustained. McDowell v. McDowell, 284 Ala. 158, 223 So. 2d 277. In holding that the demurrer to the bill as a whole should have been sustained, we considered that the other relief granted by the trial court was incidental to the abortive divorce proceedings. In so holding, we followed Tillery v. Tillery, 217 Ala. 142, 115 So. 27.

After remandment the complainant wife, Dorothy McDowell, amended her original bill in one respect only. She added a new paragraph in the stating part of her bill

wherein she alleged with more specificity the acts of the respondent which she contended constituted cruelty, the ground upon which she sought a divorce. Demurrer addressed to the bill as a whole, as amended, was overruled. The respondent answered the bill as amended. After hearing testimony orally the trial court on June 13, 1969, rendered a final decree which in most respects is the same as the first final decree rendered on April 9, 1968. The decree of June 13, 1969, was modified on September 5, 1969, in a respect not material here. In the decree of June 13, 1969, the trial court granted the complainant wife an absolute divorce; awarded her the custody of the minor son of the parties, with right of reasonable visitation being given the father; awarded to the complainant "all household furnishings, furniture, appliances and household goods" and awarded to the "Complainant and the minor child . . . the exclusive use and occupancy of the jointly owned family home (with right of survivorship) pending Complainant's remarriage or settlement by the parties of the right, title and interest of each therein"; provided that the respondent pay to the complainant wife "for the support and maintenance of the minor child, Michael Harold McDowell, the sum of $150.00 per month . . ."; and ordered: "That the parties shall jointly place in trust with a bank or trust company qualified to do a trust business in the State of Alabama the 230 shares of AT&T stock which they jointly own for the use and benefit of their minor son, Michael Harold McDowell, as an educational fund, with the income and corpus of said trust fund to be used for the college and professional education of said minor child."

The respondent husband appealed from the decree of June 13, 1969. The Court of Civil Appeals in an opinion by Presiding Judge Thagard, 45 Ala.App. 630, 235 So.2d 676 held that the amended complaint sufficiently charged statutory cruelty and was good against demurrer, but the decree of the trial court was reversed and the cause

was remanded "for such further proceedings as the parties and the court may see fit to have" because the Court of Civil Appeals, after reviewing the evidence in the light of the prevailing presumptions entertained the view "that the findings of the trial court were plainly and palpably wrong and that the divorce should not have been granted." Judge Wright dissented, saying that "after indulging all presumptions raised by law and all reasonable inferences arising from the evidence, I cannot hold that the decree of the trial court is plainly and palpably wrong." No mention is made in the opinion of the Court of Civil Appeals, or in the dissenting opinion, of any possibility that although the decree of the trial court in so far as it awarded a divorce must be reversed, the other provisions of the decree, or some of them, could or should be affirmed.

Following the reversal by the Court of Civil Appeals of the decree of June 13, 1969, the complainant wife amended her complaint as last amended in only one respect. She added one paragraph to the prayer, the pertinent parts of which read:

"Your Complainant prays that upon a hearing of this cause that the Court grant to her a decree of separate maintenance so as to allow the complainant and respondent to live separate and apart with the respondent contributing to the support, and maintenance of the minor child of the parties, and also contributing to the support and maintenance of the complainant. . . . and that the complainant be allowed and permitted to occupy and use the family home along with the minor child of the parties."

The respondent husband, Frank McDowell, interposed a demurrer to the bill as last amended. Grounds of the demurrer were addressed to the bill as a whole and to the aspect seeking a divorce and to the aspect seeking separate maintenance.

The trial court rendered a decree overruling the demurrer without making any reference to the grounds of the demurrer

addressed to the aforementioned aspects. The respondent husband answered the bill as last amended. After hearing testimony ore tenus, the trial court on July 20, 1970, rendered a final decree wherein complainant's prayer for an absolute divorce was denied and her prayer for "a decree of separate maintenance so as to allow" her and the respondent to live separate and apart was granted. The provisions of the decree of July 20, 1969, which relate to custody of the minor son, the amount of money which respondent is to pay complainant for his support, the provisions which relate to the American Telephone & Telegraph Company stock, are almost the same as those included in the decree of June 13, 1969.

We have heretofore shown the provisions of the decrees of April 9, 1968, and June 13, 1969, which relate to the use of the home of the parties and its contents. The minor child, as well as the complainant, is expressly awarded such use in those decrees, but not so in the decree of July 20, 1970. Paragraph 4 of that decree reads:

> "That the complainant is authorized to continue to reside in and occupy the residential dwelling house located at 1837 Valgreen Lane, Hoover, Jefferson County, Alabama, together with the use of all of the household furniture, furnishings and belongings contained therein."

The decree of July 20, 1970, contains provisions not found in the previous final decrees. They require respondent to pay for all reasonable medical, dental and hospital bills incurred on behalf of the minor child, including a past-due dental bill; to pay complainant the sum of $87.50, one-half of the "cost expended by the complainant in painting the said residential dwelling house of the parties"; to pay complainant $600, "which sum represents one-half (½) of the cost of heating and cooling unit which was recently installed in the family home."

Frank McDowell, the respondent husband, appealed to the Court of Civil Appeals from the decree of July 20, 1970. He made ten assignments of error.

Assignment of Error 1 was to the effect that the trial court erred in overruling the respondent's demurrer to that aspect of the bill, as amended, which sought separate maintenance. In its opinion rendered in response to application for rehearing, the opinion here under review, the Court of Civil Appeals, without referring to Assignment of Error 1 by number, held that it was without merit in that the trial court did not rule on the grounds of demurrer addressed to the aspects of the bill, but ruled only on the grounds of demurrer addressed to the bill as a whole; that since the aspect of the bill seeking a divorce on the ground of cruelty was good, grounds of demurrer addressed to the bill as a whole were properly overruled. That holding is not questioned here.

Assignments of Error 2 and 3 challenge the action of the trial court in decreeing separate maintenance. Without referring to those assignments by number, the Court of Civil Appeals holds in the opinion under review that those assignments were well taken in that the bill as last amended did not aver ". . . that the parties were separated at the filing of the bill, nor that the respondent had failed or refused to provide support, . . ." and for the additional reason that: "We have carefully examined the transcript of the evidence and find no proof of a failure or a refusal to support appellee [wife] by appellant [husband]."

Naturally, petitioner does not attempt to question here the holdings of the Court of Civil Appeals in regard to Assignments 2 and 3, such holdings being in his favor.

The remaining assignments of error are referred to by number in the opinion here under review. Assignment 4, with which we will deal later at length, was held to be without merit and that holding is challenged in the petition filed here. Assignment 5 was held to be good to the extent that the trial court was ordered to amend

the decree in a respect which will appear later in the opinion. That holding is not questioned here. Assignments 6 through 10 challenge findings of fact made by the trial court which apparently led to the decree of separate maintenance. The Court of Civil Appeals having previously held that the decree of separate maintenance was erroneously rendered and entered, deemed it unnecessary to consider Assignments 6–10 and such action is not questioned here.

When the opinion here under review is considered in connection with the decree rendered by the Court of Civil Appeals following the overruling of the application for rehearing, it appears (1) that "the part of the decree of the lower court that Ordered, Adjudged and Decreed 'that the complainant is further authorized to live separate and apart from the respondent and a decree of separate maintenance is hereby rendered'" was reversed and annulled and the cause was remanded to the trial court "as to that part of the decree for further proceedings"; (2) that the trial court was "directed to amend" its decree in regard to the payment to be made by respondent as his part of the cost of the heating and cooling unit so as to require such payment to be made by respondent "directly upon the contract" rather than to the complainant wife; (3) that "all other parts of the decree of the circuit court as amended herein by direction of this court, be and the same are hereby affirmed."

As we have indicated above, the only holding of the Court of Civil Appeals which is directly under attack here is that there is no merit in Assignment of Error 4 made by appellant, Frank McDowell, in the Court of Civil Appeals. That assignment reads:

"4. The Court erred in its decree of July 20, 1970, in decreeing as follows:

"4. That the complainant is authorized to continue to reside in and occupy the residential dwelling house located at 1837 Valgreen Lane, Hoover, Jefferson County, Alabama, together with the use of all the household furniture, furnishings and belongings contained therein."

It is said in the opinion of the Court of Civil Appeals as follows:

"Assignment of Error 4 attacks that portion of the decree granting to appellee the use and occupation of the residence of the parties. It is contended to be erroneous for two reasons. First, that the propriety of such action is dependent upon a valid right to separate maintenance. Second, that the effect of granting such right is a division of property and such is not authorized in a separate maintenance proceeding. We disagree with both contentions."

The Court of Civil Appeals recognizes the fact that it is the rule that a decree of separate maintenance for the wife does not authorize a division of the estate of the husband and an award thereunder is payable only from the income of the husband. Rowe v. Rowe, 256 Ala. 491, 55 So. 2d 749. It was held, however, that the rule just stated is not applicable to an award for the support of a minor child and that from a reading of the decree of the trial court the Court of Civil Appeals concluded that the provisions of the various paragraphs in the decree requiring payments by the husband to the wife were for the purpose of implementing the award and custody and support of the minor child and were not for the benefit, support or maintenance of the wife, Dorothy McDowell, the appellee in the Court of Civil Appeals.

The Court of Civil Appeals placed that construction on the decree of the trial court despite the fact that the decree authorized the wife to live separate and apart from the husband; in other words, it was a decree of separate maintenance as well as a decree awarding the custody of the child to the wife, as well as other relief.

But the Court of Civil Appeals has construed Paragraph 4 of the decree of the

trial court, which is attacked in the Court of Civil Appeals by Assignment of Error 4, as actually giving to the minor child the right to continue to reside in and occupy the family dwelling. There is no such express provision in Paragraph 4 of the decree and yet it is reasonable to assume that the trial court, having awarded the custody of the minor child to the wife, intended for her to have the child live with her in the family dwelling which she was authorized to occupy separate and apart from her husband.

■ The allegations of the bill as amended are not, in our opinion, sufficient to invoke the jurisdiction of the court over the minor child under our holding in Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46. This case is cited in the opinion of the Court of Civil Appeals but it is not followed or distinguished and there is language in the opinion of the Court of Civil Appeals which runs counter to our holding in Sachs v. Sachs, *supra*.

We point out that two of the cases relied upon in the opinion of the Court of Civil Appeals, Butler v. Butler, 254 Ala. 375, 48 So.2d 318, and Scott v. Scott, 247 Ala. 598, 25 So.2d 673, are cited in Sachs v. Sachs, *supra*, and language used in those cases is distinguished from the holding in Sachs v. Sachs, *supra*. We say the same in regard to Emens v. Emens, 277 Ala. 80, 167 So.2d 163, and Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867, also cited and relied upon in the opinion here under review.

■ Here we have a bill filed by the wife seeking a divorce, custody, child support and other relief. This court held that no statutory ground for divorce was stated in the bill and held that the demurrer addressed to the bill as a whole should have been sustained. Later the bill was amended so as to state a statutory ground for divorce and after a hearing a divorce and other relief was granted. The Court of Civil Appeals found there was not sufficient evidence to justify the awarding of a divorce to the complainant wife and re-

versed the decree not only as to that phase, but in all respects—custody, support payments and other relief.

The bill as amended was amended again so as to pray for a decree of separate maintenance. Separate maintenance was granted by the trial court, along with the other relief here involved, and the Court of Civil Appeals held that neither the allegations nor proof was sufficient to justify a decree of separate maintenance yet, except in one other respect, it affirms all of the other provisions of the decree of the trial court on the theory that those provisions were for the benefit of the minor child and not in any wise for the benefit of the appellee wife.

As heretofore indicated, we think the holding is in conflict with our holding in Sachs v. Sachs, *supra*. Moreover, we think the result is in conflict not only with the previous decision of the Court of Civil Appeals in this case, but with our disposition of the first appeal. McDowell v. McDowell, 284 Ala. 158, 223 So.2d 277. It seems to us that the Court of Civil Appeals entertained the view that the trial court might well have rendered a different decree as to support of the child if separate maintenance had not been granted. We quote:

> "Since it may be fairly contended that the part of the decree granting separate maintenance, which is reversed by this opinion, affected in some degree the amount and character of the support granted to the child, we think it pertinent to the matter remanded for the trial court in its discretion to consider modifying its original decree as to support. This observation is in no way to be construed as a direction from this Court."

It is to be noted that under the terms of the decree rendered by the Court of Civil Appeals the provisions of the decree of the trial court granting child support are not remanded.

We entertain the view that the decree of the trial court should be reversed in all re-

spects in view of the holding of the Court of Civil Appeals that the trial court erred in awarding the wife, the complainant below, a decree of separate maintenance.

The decree of the Court of Civil Appeals is reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.