189 So. 877

## MURRAY v. MURRAY.

### 8 Div. 977.

Supreme Court of Alabama.

June 15, 1939.

W. L. Chenault, of Russellville, and J. E. Delony, Jr., of Tuscumbia, for appellant.

A. H. Carmichael, Jr., of Tuscumbia, for appellee.

FOSTER, Justice.

This is a suit by the wife for a divorce and alimony. They had been married sixteen years; had no children, and lived an ordinarily contented life. He was at first a farmer, and then a skilled mechanic, at the last working for the Tennessee Valley Authority, earning $110 per month. They lived in a rented house. He paid all the expenses of the living, and provided amply in every respect for their reasonable needs.

There was no trouble whatever until a few months before the separation, when she became suspicious and jealous of a widow living across the street. The evidence does not show any foundation for her suspicion and jealousy. But there are sometimes small suspicious circumstances which more or less justly arouse the ire of a married woman, when the merits of the situation are not as serious as she supposes: They become serious to her, and are as real as though they were true, as she suspects. She is justified in manifesting a reasonable show of resentment, but can extend it too far. Whether she did or not in making an attack upon the one who she thought was to blame may be debatable in some quarters,—not for our decision.

There were evidently some sharp passages between her and her husband on account of it, natural under the circumstances. But they furnish no ground for divorce nor for the use of any violence on the part of the husband. He is never justified in ethics or in law in using violence, except in defense of himself against a physical assault, rarely made by the wife upon him. We in no sense condone it here. He could have appeased her by avoiding any show of conduct which would be objectionable to her. This he could easily have done. Failing in this respect, he doubtless is responsible for arousing a resentment in her bordering on to passion, which lead her into violent outbursts of temper, but which did not call for or condone the use by him of any sort of physical punishment.

The ties of wedlock are not lightly assumed, and must not be destroyed by judicial decree, except upon grounds specified by our statutes. Our laws, and all mankind

recognize that disputes which at the present seem to the parties to be sufficient to sever the relation should not be so treated by themselves nor by the courts. Many such disputes as severe as are here shown, while causing temporary separation, have not resulted in making it permanent.

▉ These people are both of excellent character, as the evidence shows, and have lived together contentedly for sixteen years. The circumstances here shown are not sufficient to cause a permanent separation.

The spanking, which he gave her as he would a child, was wholly unjustified and reprehensible, but it was not such actual violence as that it was attended with danger to her life or health, and there was no reasonable apprehension that more serious violence would attend her continuance with him of the marital relation. It is only when such violence has occurred, or when it is reasonably apprehended that the law justifies a divorce on the ground of cruelty. Section 7409, Code, as amended by Gen.Acts 1933, Ex.Sess., p. 142.

It is not our province or purpose to use this method of lecturing these good people. They need it. But we stay within our province when we express the firm conviction from the evidence in this case that this good wife would not now be in danger of physical violence living with him in wedlock, and has never had such inflicted upon her as to endanger her health, much less her life.

▉ The trial court made allowance to the wife upon granting a divorce, as authorized by section 7418, Code, as amended by the Act of April 11, 1933 (see page 119).

While we do not agree with that aspect of the decree which grants a divorce, it does not follow that the allowance of $30 per month should not be treated as an award independent of the divorce. In this jurisdiction a court of equity has original power to award alimony pending a separation under circumstances which do not justify a divorce, or when a divorce is not sought or awarded. While the conduct of appellant did not justify a divorce, it does justify, in our opinion, an allowance for separate maintenance on the theory that their separation was not voluntary abandonment by her of him. See cases in 11 Alabama Digest pp. 786–790, Husband and Wife, ☞295–298 (1, 2). An allowance for separate maintenance without divorce is in the sound discretion of the court exercising equity jurisdiction.

We think that the ends of justice will be met if we here reverse the decree insofar as it grants a divorce, but affirm it insofar as it makes a monthly allowance of $30 a month to appellee, but modify that feature of it which makes the allowance permanent so that it will be subject to the further orders of the circuit court in its discretion from time to time.

Modified and affirmed in part, and in part reversed, rendered and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.