194 So. 507

## WILLIAMS v. WILLIAMS.

### 6 Div. 598.

Supreme Court of Alabama.

March 7, 1940.

St. John & St. John, of Cullman, for appellant.

H. H. Kinney, of·Cullman, for appellee.

BOULDIN, Justice.

The appeal is from a decree of divorce with alimony in favor of the wife on the ground of cruelty.

Cruelty, defined by statute, is shown, when, from the conduct of the husband, there is reasonable apprehension of actual violence to the person of the wife, attended with danger to her life or health. Code, § 7409.

This marriage was between persons in mature life, both of whom had been divorced from former mates, the husband on the ground of cruelty, the wife by suit in her name.

Both had children by former marriages. A small boy of the husband lived with them. Separation ensued at the end of one year. The wife.,was well advanced in pregnancy at.the time. This bill followed speedily.

For several months before separation family disputes about inconsequential matters arose. Neither party was blameless; both constributed to the pain and unhappiness which family quarrels entail. This situation evidences a drifting apart; the absence of the marital affection which expresses itself in mutual efforts to contribute to the happiness and lighten the burdens of each other.

The joys of making a home for each other, the unity of purpose which makes them one, are absent from the beginning, or speedily disappear under conditions here disclosed.

The husband had rented a portion of the dwelling to another family, consisting of husband, wife, and baby seventeen months old.

The separation grew immediately out of a difference between the two women, ostensibly relating to their respective rights in the use of the porch and the tenant's use of the frigidaire by invitation of the husband. A quarrel between the women ensued; the wife of the tenant appealed to the landlord; his wife conceived he was unjustly siding with the other woman. Bitter words followed. The husband covered his wife's mouth with his hand to hush her up; threatened to get a switch and give her a whipping; took her by the arm to stay her from calling the law. The separation followed the next day.

We think the weight of the evidence discloses respondent claimed the lawful right to whip his wife.

■ The husband has no such right. This we would clearly announce, make known to all husbands who have such notions. Husband and wife are equal in the right to be free from personal violence from the other. He has no more lawful right to assault his wife than any other person. Murray v. Murray, 238 Ala. 158, 189 So. 877.

There is dispute as to whether the husband ordered the wife to leave his home and go back to her father and mother. From all the evidence we are convinced he wanted her to do so; did not then or thereafter wish her return; nor give any evidence he would permit her return.

■ Our conclusion is that she had reasonable grounds, in her then condition, to apprehend actual violence attended with danger to her health, if she remained or sought to return, unless she submissively surrendered her freedom to assert herself in the same manner the husband exercised his freedom.

The decree of divorce was, therefore, granted without error.

■ The court awarded permanent alimony of $25 per month for the maintenance of complainant and their unborn child. This allowance is challenged. As above indicated, this appears to be the inducement to this appeal.

We think the evidence warrants a finding that the husband had a net income of $150 or more per month. He owned property of substantial value, consisting of equities in his home and other real estate, besides personal effects. Obviously, on such facts, the allowance is not to be disturbed.

Affirmed.

GARDNER, THOMAS, and FOSTER, JJ., concur.