66 So.2d 182

**USSERY v. USSERY.**

6 Div. 545.

Supreme Court of Alabama.
June 18, 1953.

Rogers, Howard & Redden, Birmingham, for appellant.

G. J. Prosch and Jos. C. Barnard, Birmingham, for appellee.

MERRILL, Justice.

Appeal by respondent, Phillip W. Ussery, from a decree of the Circuit Court, in Equity, of Jefferson County, awarding a divorce, custody of and support for their child to the complainant, Nina Vee Ussery.

Complainant's amended bill prays for a divorce on the ground of cruelty, alimony and the custody of the minor child under one year of age, and prays in the alternative for separate maintenance.

At the time of the hearing Phillip was twenty years of age and Nina Vee was nineteen. They were married in January 1951 and lived together as husband and wife until August 14, 1952.

It is a rare occurrence for a divorce case to be tried where there is no material conflict in the testimony. Such however is the case at bar. We believe this to be true for two reasons, the first being that the parties were being as honest as they knew how to be, and, secondly, the note upon which the learned trial court pitched the case when it came to trial. He first urged the parties to try to adjust their differences in conference and then he made this statement to the parties and their attorneys: "I tried a case three days once. Two young people came in here and they went along for a couple of days and finally the young lady was called back to the witness stand, and I said: 'Well, as you look down the future, do you think it offers you more promise of happiness to destroy your marriage or to salvage it?' She said: 'Up until fifteen minutes ago we could have saved it but what has been said in the last fifteen minutes has destroyed it forever and beyond repair'."

The effect of the evidence is that these two young people have not taken their marriage vows as seriously as they should; but the principal thing wrong is that they have acted as the spoiled children they are and have not approached their marital duties and obligations with maturity.

The only instances of actual violence committed on the wife consisted of three separate occasions when the husband slapped her with sufficient force to make her face red but not bruised. She testified that the last time she was slapped was in August 1951. She and her husband were planning to go to a dance with some friends. The friends were in front of their house and they had an argument as to whether they would go with their friends or go by themselves in their own car. They got in their own car and while arguing the respondent slapped her in the presence of their friends. They went into the house and complainant packed her bag and said she was going to leave. They went to the dance, with the packed bag in the car, apologized to each other, "made up," went back home together and lived together as husband and wife until the date of separation a year later. This was the last claim

of any actual violence on the part of respondent.

Nina Vee testified that she had left Phillip three or four times of very short duration during their marriage. She further testified that she left respondent because he had promised to be at home by midnight and at 12:05, when he had not returned, she took the baby and left and had not lived with him since.

There was evidence that on one occasion respondent was sitting in a chair at home and complainant hit him, knocking him and the chair over on the floor. She outweighed the respondent by about ten pounds and it appears that she was fairly able to hold her own with him.

Two of her brothers, one of whom they had lived with for five or six months, testified in behalf of the respondent, and no witness for complainant was able to testify to any cruelty except the slap which occurred in the presence of friends on the night they were going to the dance.

At the hearing the respondent testified that he loved his wife and child and by his contest in the circuit court and in this Court he demonstrates that he does not want her to be divorced from him.

■ The evidence shows without conflict that there has been unkindnesses on the part of each of these young people, acts of thoughtlessness, statements made in fits of temper, and conduct on the part of each that was calculated to hurt the feelings of the other. This, however, is not sufficient to support an action for divorce on the grounds of cruelty. "While the evidence may show unkindness, offensive manners, want of civil attentions, and conduct that may tend to shock the sensibilities, wound the feelings, and cause grief and domestic unhappiness, yet, this will not suffice to meet the requirements of our statute of 'actual violence upon her person, attended with danger to life or health, or when from his conduct, there is reasonable apprehension of such violence.' Section 7409, Code 1923." Section 22, Title 34, Code 1940. Roobin v. Roobin, 224 Ala. 53, 139 So. 90.

This Court said in the case of Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185, 189:

"Our cases are clear to the effect that a divorce on the ground of cruelty is justified only when physical violence endangering life or health has occurred or is reasonably apprehended. Jones v. Jones, 189 Ala. 286, 66 So. 4; Morrison v. Morrison, 165 Ala. 191, 51 So. 743; Murray v. Murray, 238 Ala. 158, 189 So. 877; Bailey v. Bailey, 237 Ala. 525, 187 So. 453; Ray v. Ray, 245 Ala. 591, 18 So.2d 273."

We have read every case cited in brief by appellee. In each of those cited to support a divorce on the ground of cruelty where there was little or no actual violence, there was evidence of a threat to kill. Nina Vee said she had not been threatened except that on one occasion Phillip said he was going to slap her if she did "so and so".

■ We would not be understood as condoning the action of the respondent in slapping his wife. "The husband has no such right. This we would clearly announce, make known to all husbands who have such notions. Husband and wife are equal in the right to be free from personal violence from the other. He has no more lawful right to assault his wife than any other person." Williams v. Williams, 239 Ala. 162, 194 So. 507. We feel that the expression of this Court in the case of Murray v. Murray, 238 Ala. 158, 189 So. 877, 878, is very appropriate to the facts in the instant case:

"The ties of wedlock are not lightly assumed, and must not be destroyed by judicial decree, except upon grounds specified by our statutes. Our laws, and all mankind recognize that disputes which at the present seem to the parties to be sufficient to sever the relation should not be so treated by themselves nor by the courts. Many such disputes as severe as are here shown, while causing temporary separation, have not resulted in making it permanent."

We have considered the evidence in this case carefully in consultation and apart

from the failure of proof to support the allegation of cruelty, we cannot but believe and hope that this marriage of this young couple can be salvaged; that with more mature reflection they can make a success of their marriage and give their child the parental care to which it is entitled and deserves.

The burden of proof in a case of this kind is as usual upon the complaining party, and here complainant's burden is to reasonably satisfy the court of the truth of her charge of conduct on the part of the respondent amounting to culpable cruelty. Hammon v. Hammon, 254 Ala. 287, 48 So.2d 202. We are not reasonably satisfied, in view of all the evidence, that respondent has been guilty of the misconduct charged.

The decree of the trial court is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.