133 So.2d 374

**Harold E. McMAHON**

v.

**Karleen Brown McMAHON.**

**6 Div. 710.**

Supreme Court of Alabama.

Sept. 28, 1961.

Griffin & Wilson, Birmingham, for appellant.

Robt. N. Pratt, Birmingham, for appellee.

MERRILL, Justice.

Appeal by husband from a final decree awarding a divorce to his wife on the grounds of cruelty, awarding custody of their four minor children to the wife, and ordering the husband to pay $200 per month for the support and maintenance of the children.

This suit was not contested by the husband. He filed an answer and waiver admitting their ages, that they had been residents of Jefferson County for more than one year, that they married in 1944 and lived together until November, 1960, that they had four children, and that the wife was a fit and proper person to have the custody of the children. He denied the allegations of cruelty. The answer further stated:

"Complainant agrees that all furniture and household goods will go to the Respondent, with the exception of two bedroom suites and the personal belongings of the Complainant and the four (4) children. The Complainant and Respondent agree that the home of the parties, when and if it is sold, the proceeds of said sale will be divided equally between the Complainant and Respondent. Until the home is sold, Complainant agrees that the Respondent will have the right to live in said house.

"Respondent agrees that the complainant is to have the care, custody and control of the four minor children, Kathy McMahon, Hal McMahon, Karla McMahon and Mariann McMahon, and the Complainant agrees that the Respondent, Harold E. McMahon is to have reasonable visiting privileges. Respondent agrees to pay the Complainant Two Hundred ($200.00) Dollars per month beginning immediately, for the support and maintenance of the four minor children."

The complainant's testimony was taken before a commissioner and the evidence relating to the cruelty of appellant was as follows:

"We have quarreled many times during our marriage, and had our difference during all our married life as almost any couple does. Most of our differences were over finances and family problems. On November 2, 1960, during the course of one of our quarrels, my husband slapped me with his hand about the face and head and threatened me with bodily harm. This act of cruelty happened in the confines of our home and there are no witnesses available. After an accumulation of our many differences, I see no reason for us to continue to live together as husband and wife in name only, and I do not feel that there can ever be a reconciliation between us."

The trial court granted the divorce and incorporated the provisions of the signed agreement between the parties, as shown by the answer, into the decree.

The only question presented on appeal is the sufficiency of the evidence to support the charge of cruelty.

We concede that a close question is presented, but we feel constrained to hold that the trial court did not err in granting the divorce. Williams v. Williams, 239 Ala. 162, 194 So. 507.

Appellant knew that he was charged with cruelty, but he did not contest it other than by his denial in the answer. He then went further in his answer and asked that the court ratify the agreement as to the division of property, the custody of the children, the amount he would pay for their maintenance, and that no alimony should be awarded his wife. Under these circumstances, we think the proof that, on the day of their separation, appellant slapped his wife with his hand about the face and head and threatened her with bodily harm was sufficient to prove the charge under Tit. 34, § 22, Code 1940.

In Williams v. Williams, 239 Ala. 162, 194 So. 507, the parties were mature people, as

here, and during a quarrel, the "husband covered his wife's mouth with his hand to hush her up; threatened to get a switch and give her a whipping; took her by the arm to stay her from calling the law." There, the separation took place the following day; here, it took place the same day as the assault. The court there stated:

"* * * Husband and wife are equal in the right to be free from personal violence from the other. He has no more lawful right to assault his wife than any other person."

It was held that the decree of divorce was granted without error.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.