160 So.2d 492

**Warren Alston HOYT**

**v.**

**Cherry Austin HOYT.**

**6 Div. 23.**

Supreme Court of Alabama.

Jan. 30, 1964.

———◆———

Robt. V. Wooldridge, Jr., Tuscaloosa, for appellant.

Mize, Spiro & Phelps and Henry H. Mize, Tuscaloosa, for appellee.

COLEMAN, Justice.

This is an appeal by the husband from decree granting to the wife a divorce from the bonds of matrimony on the ground of cruelty.

With heading omitted, the entire argument section of appellant's brief is as follows:

"The evidence in this case does not justify a finding of cruelty under the case law (Trans. pp. 131) although Appellee states he struck her with 'pages' from a magazine paper, surely two pages of magazine paper would not be reasonably expected to endanger the life or health of a person, and the same applies to other acts alleged. Murray vs. Murray, 238 Ala. 158, 189 So. 877. Cruelty must be alleged and proven in accordance with the decision of this Honorable Court.

*"CONCLUSION*

"Cruelty is not sufficiently averred or proven in this cause."

Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court. Rule 9 of Revised Rules of Practice in the Supreme Court; 261 Ala. XXIII; Code of 1940, Recompiled 1958, Title 7, Appendix, page 1159. The only question presented on this appeal is the sufficiency of the evidence to support the charge of cruelty.

The wife testified as follows:

" . . . . On or about 16 October 1962 at our home the said respondent, in the presence of several workmen engaged in the erection or construction of the said addition to our home, came to a back door of our home and yelled at me when he was clad only in his underwear and demanded that I come into the house immediately. Upon my coming in he used profane and abusive language toward me in the presence or hearing of said workmen and stated that the closet then under construction was not the way he wanted it. When I attempted to remedy the situation consistent with his demands, he grabbed me in a rude manner and threw me up against the wall twice. I was flung violently against said wall, and I received a bruise as a result thereof that was treated by a doctor. The disturbance was (sic) great that all of the workmen present gathered up their tools and left the premises. The respondent, Warren Alston Hoyt, ordered me to tear out the sheet rock and a cabinet which had been constructed and a portion of the addition to our home, and when he came in that night and found it had not been done, he took a hammer and beat holes in the sheet rock and again ordered me to tear out the cabinets which he disliked."

Referring to the wife, the wife's mother testified that:

" . . . . She showed me the bruise on her arm and she consulted a doctor about it."

We are of opinion that the quoted evidence is sufficient to support the charge of cruelty and that the decree is due to be affirmed. Williams v. Williams, 239 Ala. 162, 194 So. 507; McMahon v. McMahon, 272 Ala. 653, 133 So.2d 374.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.