166 So.2d 726

**James Burns PHILLIPS**

v.

**Sara B. PHILLIPS.**

**6 Div. 73.**

Supreme Court of Alabama.

July 30, 1964.

Gordon Davis, Tuscaloosa, for appellant.

Skidmore & Skidmore, Tuscaloosa, for appellee.

MERRILL, Justice.

Appeal from a decree granting a divorce to the wife on the ground of cruelty, denying relief under the husband's crossbill charging voluntary abandonment, awarding alimony to the wife, support for a minor child and awarding attorneys' fees in favor of the wife.

The parties were married in 1941 and separated in March, 1961. Their three sons were aged 21, 19 and 15 when the bill was filed in 1963. The 19 year old son is in the Navy, so only the youngest son is subject to be supported by his father in this suit. Appellant worked as a bread salesman, served two years in the Navy during World War II, resumed his job as bread salesman until 1955, when he rejoined the Navy for four years, and after he returned to Tuscaloosa, he began working for Alabama Gas Corporation as a salesman, and he has continued to do that work.

After committing the acts of cruelty upon appellee, appellant and appellee continued to live in the same house until the trial of the case. Appellee has worked most of her married life and she testified that appellant had bought no groceries for the family in

sixteen years and no clothes for her in fifteen years. Their two older sons testified to the lack of sufficient food and clothing as they were being reared and gave their mother credit for the food they did get.

The trial court granted the divorce to appellee on the ground of cruelty, denied relief to appellant on his crossbill, awarded custody of the youngest child to appellee, ordered the payment of $100 per month for his support, ordered the payment of $75 per month as alimony for appellee, gave her the household goods and the homestead and enjoined appellant from changing beneficiaries or assigning two $1,000 insurance policies on the life of appellee and three $1,000 policies on the lives of each of their three sons, and required appellant to continue to pay the premiums on the policies. Appellant had other real estate and appellee was required to assume the mortgage indebtedness on the homestead.

■ The first assignment of error charges that there was not sufficient evidence of cruelty. By appellant's own admission, he followed appellee to her brother's house and slapped her. Appellee testified to other acts of actual assault. The evidence was sufficient to support the decree granting the divorce on the ground of cruelty. Hodson v. Hodson, 160 So.2d 637[1]; McMahon v. McMahon, 272 Ala. 653, 133 So.2d 374; Williams v. Williams, 239 Ala. 162, 194 So. 507.

■ The second assignment charges error in the denial of relief to appellant on the ground of voluntary abandonment. This assignment is without merit because not only was there evidence of sufficient reasons for appellee living in a separate room from appellant, but we have held that the removal of the wife into another room of the house which both husband and wife continue to occupy and the refusal of sexual relations does not constitute voluntary abandonment. Caine v. Caine, 262 Ala. 454; 79 So.2d 546; Gross v. Gross, 265 Ala. 58, 89 So.2d 737.

■ Assignments five and six charge that the allowances of $100 per month for support of the son and $75 per month alimony for appellee are unreasonable. In view of the presumption in favor of such decisions when made by the trial court who saw and heard the witnesses, we cannot say that the trial court's order was plainly wrong and unjust in these phases of the decree. Spencer v. Spencer, 264 Ala. 196, 86 So.2d 286, 8 Ala. Dig., Divorce, ⬅184.

■ Assignment of error eleven charges error in the allowance of a solicitors' fee of $500. Attorneys for the wife in a divorce action are entitled to a reasonable fee for their services commensurate with their labor and skill involved, the results of the litigation and the earning capacity of the parties, and such allowance rests in the sound judicial discretion of the trial court. Hodson v. Hodson, 160 So.2d 637,[1] and cases there cited. We cannot say that the court abused its discretion in awarding counsel fees of $500. See Davis v. Davis, 255 Ala. 488, 51 So.2d 876, where we held this amount to be reasonable.

■ Assignment thirteen charges error in the overruling of the motion for a rehearing. A decree denying an application for rehearing in equity will not support an appeal unless the order modifies the final decree, Slaton v. Slaton, 274 Ala. 212, 147 So.2d 827; nor is such a decree subject to review on assignment of error on appeal from the final decree. Equity Rule 62, Code 1940; Taylor v. State, 275 Ala. 430, 155 So.2d 595.

All the other assignments of error are either covered by our discussion, supra, or are clearly without merit, or are not sufficiently argued and, therefore, require no detailed treatment. It follows that, there being no reversible error, the decree of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

1. 276 Ala. 227.