313 So.2d 194

**Willie SANDERS, Jr.**

v.

**Theresa Ann SANDERS.**

Civ. 481.

Court of Civil Appeals of Alabama.

May 7, 1975.

Joel M. Nomberg, Daleville, for appellee.

W. Mark Anderson, III, Montgomery, for appellant.

HOLMES, Judge.

This is an appeal from a decree of divorce.

By appropriate assignments of error, appellant, through able counsel, contends that the trial court erred to reversal in granting the divorce in that there was no evidence presented by appellee-wife as to the ground

of divorce, to wit, physical cruelty. Additionally, appellant-husband contends error in the trial court's action of granting temporary possession of the parties' home to appellee pending a final hearing.

Facts pertinent to this appeal reveal that the parties were apparently married in 1960 and separated in July 1974. One child was born of the union.

 The appellee-wife testified that for the past year, while appellant-husband was residing in Georgia, their marriage has been a violent one, in which there was "fighting." Further, appellee testified she was afraid of her husband; that he had made threats and she could not live with him. Additionally, it is clear that some few months prior to the parties' separation, the husband assaulted the wife to the extent of bruising her. The police were called on this occasion and the husband was arrested and jailed. We further note that in response to the distinguished trial judge's question the husband admitted "spanking" his wife. The occasions of these "spankings" and dates of occasions are not clear, but we know they occurred more than once.

At this point, we should comment that appellant in brief alludes to the fact that condonation is present in the instant appeal. However, we find no competent evidence of condonation.

We find that the evidence, as noted above, is sufficient to sustain the trial judge's conclusions and decree in awarding the wife a divorce on the ground of physical cruelty. See Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726. See also 8 Ala.Dig. Divorce ☞130.

As to appellant's other argued assignment of error, we find no merit. Assuming appellant had no prior notice or opportunity to be heard prior to the trial court's action in awarding temporary possession of the home to appellee-wife pending a final hearing, we perceive no error in this instance as the question was not presented below or passed on by the trial court at any time. Questions not passed on below cannot be considered on appeal. Penn Mutual Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346.

However, in any event in this instance, where custody of the parties' minor child was temporarily awarded to the appellee, we consider it a matter of discretion of the trial court his decision to award temporary possession of the house to appellee.

All assignments of error having been considered, the decree is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.