STUART, Justice.
Braden Furniture Company, Inc., appeals a summary judgment for Union State Bank. We affirm.

Facts and Procedural History

According to Braden Furniture, between 2008 and 2010, Bonnie Manning, an assistant bookkeeper for Braden Furniture, accessed Braden Furniture’s accounting program and created over 200 unauthorized checks, totaling over $470,000, that she then deposited in her account at Union State Bank. The majority of the checks did not identify a payee, i.e., the payee on the check was left blank. Braden Furniture sued Union State Bank, RBC Bank, and Manpower, Inc., alleging against Union State Bank claims of common-law negligence and wantonness and violations of §§ 7-3-404(d), 7-3-405(b), and 7-3-406, Ala.Code 1975. Union State Bank moved for a summary judgment. The trial court entered a summary judgment for Union State Bank, stating, in pertinent part:
“It is undisputed that there is no customer relationship existing between [Union State Bank] and [Braden Furniture]. Even if a relationship could have existed between Braden Furniture and Union State Bank, the Court finds that [Braden Furniture’s] claims for common law negligence and common law wantonness are displaced by Alabama’s Uniform Commercial Code. Cagle’s, Inc. v. Valley Nat’l Bank, 153 F.Supp.2d 1288, 1297-98 (M.D.Ala.2001); C & N Contractors, Inc. v. Community Bancshares, Inc., 646 So.2d 1357, 1362 (Ala.1994). With regard to [Braden Furniture’s] claims under the Alabama Uniform Commercial Code, [Braden Furniture] amended [its] complaint to make claims pursuant to Alabama Code § 7-3-404, § 7-3-405, § 7-3-406.... Based on the allegations in the complaint and *627 the undisputed evidence presented to this court, the court finds that the Alabama Uniform Commercial Code sections cited by Braden Furniture are inapplicable to this case. In addition, some of the Code sections cited by [Bra-den Furniture] have been held to be defenses, and not causes of action.”

Standard of Review

Our standard of review of a summary judgment is well settled:
“ ‘The standard of review applicable to a summary judgment is the same as the standard for granting the motion.... ’ McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
“ ‘A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(8), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present “substantial evidence” creating a genuine issue of material fact — “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).”
Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala.2006).

Discussion

This case requires this Court to determine whether provisions in the Alabama Uniform Commercial Code (“the UCC”) displace common-law claims of negligence and wantonness when a drawer seeks to recover from a depository bank the loss of payment for unauthorized checks.
The UCC is found in the Ala.Code 1975, §§ 7-1-101 through 7-11-108. Section 7-1-103, Ala.Code 1975, states the purposes of the UCC:
“(a) This title must be liberally construed and applied to promote its underlying purposes and policies, which are:
“(1) To simplify, clarify, and modernize the law governing commercial transactions;
“(2) To permit continued expansion of commercial practices through custom, usage, and agreement of the parties; and
“(3) To make uniform the law among the various jurisdictions.
“(b) Unless displaced by the particular provisions of this title, the principles of law and equity ... supplement its provisions.”
Braden Furniture contends that the trial court erred in holding that the provisions of the UCC displaced its common-law claims of negligence and wantonness because, it says, allowing its common-law claims to proceed does not “create rights, duties and liabilities inconsistent” with the UCC. See AmSouth Bank v. Tice, 923 *628 So.2d 1060, 1066 (Ala.2005)(reeognizing that “common-law claims are displaced or preempted if allowing the common-law claims would ‘create rights, duties and liabilities inconsistent with those set forth in the [Florida UCC]’”). Specifically, Bra-den Furniture maintains that because the provisions of the UCC do not address the duty and responsibility a depository/collecting bank owes a non-customer drawer when the depository/collecting bank accepts an unauthorized check and then presents it for collection to the drawer’s bank, common-law claims of negligence and wantonness are not displaced by provisions of the UCC.
In C & N Contractors, Inc. v. Community Bancshares, Inc., 646 So.2d 1357 (Ala.1994), a business sued the depository bank of one of its employees. The employee had been fraudulently endorsing company checks and either cashing or depositing them at her bank. The business alleged that the employee’s bank had acted negligently and wantonly in accepting the forged checks. This Court considered whether former § 7-3-405(l)(c), Ala.Code 1975, displaced common-law claims of negligence and wantonness. We concluded that we could not decide the issue because the business presented no authority for its contention that the common-law claims were not displaced by provisions in the UCC. We further opined that under the facts of the case § 7-8^405(1)[1] “appeared] to displace an action for common law negligence and wantonness, and [the business had] cited no authority to establish that it does not displace their claims ....” 646 So.2d at 1362.
In Cagle’s, Inc. v. Valley National Bank, 153 F.Supp.2d 1288 (M.D.Ala.2001), the Alabama federal district court held that the provisions of the UCC displaced a business’s claims of negligence and gross negligence against an employee’s bank that accepted forged business checks for deposit into the employee’s account. The court held that the business’s common-law claims were displaced by the provisions of the UCC because allowing the business to pursue common-law negligence claims “potentially would allow for [the depository bank] to be held liable for allegedly negligent acts, which [were] insufficient to establish liability under the Alabama UCC, which provides a subjective, good faith defense ....”
Thus, C & N Contractors and Cagle’s stand for the proposition that the provisions of the UCC do not displace common-law claims unless dependence on the common-law claims thwarts the purposes of the UCC. Additionally, although the common-law claims may not necessarily be displaced by the provisions of the UCC, when the common-law claims are inconsistent with the remedies and defenses in the UCC, the provisions of the UCC prevail.
We can glean some guidance from this Court’s analysis in AmSouth Bank v. Tice, in which we considered whether provisions of the Florida UCC displaced Alabama common-law claims of negligence and wantonness. In Tice, a bank customer sued his bank, alleging negligence and wantonness based on the bank’s payment of “stale checks” and the bank’s alleged wrongful dishonor of properly payable checks. Initially, we noted that common-law principles supplemented the Florida UCC unless a particular UCC provision or provisions displaced the common-law claims. We further observed:
*629 “Even if the applicable Florida UCC sections do not expressly preempt the common-law negligence and wantonness claims asserted by [the bank customer], those common-law claims are displaced or preempted if allowing the common-law claims would ‘create rights, duties and liabilities inconsistent’ with those set forth in [provisions of the Florida UCC].”
923 So.2d at 1066. We concluded that the customer’s common-law claims of negligence and wantonness were encompassed in provisions of the Florida UCC, see § 674.402, Fla. Stat. Ann. (West 1993) (providing a bank’s liability to a customer for wrongful dishonor), and § 674.404, Fla. Stat. Ann. (West 1993) (providing that a bank is not obliged to pay a check more than six months old). Accordingly, we concluded that the customer’s common-law claims were displaced by the provisions of the Florida UCC because “[a]llowing [the customer] to recover under common-law theories ... would constitute an unwarranted infringement upon the statutory scheme set forth in the UCC and would, for obvious reasons, create rights, duties, and liabilities inconsistent with the UCC.” 923 So.2d at 1067.
In this case, Braden Furniture alleged in its complaint that Union State Bank acted negligently and wantonly by accepting the unauthorized checks. To establish its common-law negligence claim, Braden Furniture must establish that Union State Bank owed it a duty, that Union State Bank breached that duty, and that Braden Furniture was injured as a proximate cause of that breach. Tice, supra. To establish its common-law wantonness claim, Braden Furniture must establish that, with reckless indifference to the consequences, Union State Bank consciously or intentionally did some wrongful act or omitted some known duty and that that act or omission injured Braden Furniture. Tice, supra.
The provisions of the UCC addressing the transaction at issue here are found in the article entitled “Bank Deposits and Collections,” see § 7-4-101 et seq., Ala. Code 1975. Specifically, the UCC sets forth provisions addressing the collection of items by depository and collecting banks, see § 7-4-201 et seq.; the collection of items by payor banks, see § 7-4-301 et seq.; and the relationship between a payor bank and its customer, see § 7-4-401 et seq. Because the UCC does not set forth express provisions regarding the relationship between depository and collecting banks and non-customers of such banks, we must determine whether allowing Braden Furniture’s common-law claims to proceed would “‘create rights, duties and liabilities inconsistent’ ” with the statutory scheme adopted in the UCC.
In this case, Braden Furniture was the drawer of the checks, see § 7-3-103(3), Ala.Code 1975.[2] Braden Furniture’s bank, RBC Bank, was the drawee or “payor bank,” see § 7-3-103(2)[3] and § 7-4-105(3).[4] Union State Bank, which accepted the checks for payment, is the depository bank or collecting bank, see § 7-4-105(2) and (5).[5]
*630 The UCC provides a method to allocate liability among the drawee bank, the depository bank, and the drawers in the event of negotiation of an improperly payable item. Under the UCC, a drawee bank is strictly liable to a drawer for paying improperly payable items. Section 7-4-401(a), Ala.Code 1975, provides:
“A bank may charge against the account of a customer an item that is properly payable from that account .... An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and the bank.”
Hence, if a drawee bank debits a drawer’s account for an improperly payable item, the drawee bank is obligated to recredit the drawer’s account immediately unless the drawer fails to report the unauthorized payment within 180 days or one year depending upon the circumstances, see § 7-4-406(d), (e), and (f), Ala.Code 1975. The statutory scheme further provides that the drawee bank can then seek recourse from the depository/collecting bank that presented the improperly payable item for payment, pursuant to § 7-4-208, Ala.Code 1975, which provides “presentment warranties.” Thus, when addressing the remedy for the negotiation of an improperly payable item, the drafters of the UCC concluded that a drawer’s proper remedy is against its own bank for wrongful payment. Accordingly, to allow a drawer of an improperly paid item to proceed with common-law negligence and wantonness claims against the depository/collecting bank thwarts the purposes of the UCC by creating a right of recourse for the drawer not contemplated by the UCC and by imposing duties and liabilities upon the depository bank not contemplated by and inconsistent with the UCC’s allocation of loss.
Here, Braden Furniture’s common-law claims are based upon Union State Bank’s alleged acceptance of unauthorized checks and Union State Bank’s presentment of those improperly payable checks to Braden Furniture’s bank for payment. Because the UCC provides that transactions such as these are governed by the relationship between the drawee bank and its customer, and between the drawee bank and the depository/collecting bank, to allow Braden Furniture’s common-law claims of negligence and wantonness to proceed would “ ‘create rights, duties and liabilities inconsistent’ ” with those set forth in the UCC. Tice, 923 So.2d at 1066. Braden Furniture has an adequate remedy under the UCC’s scheme for the allocation of loss. Therefore, its common-law claims are displaced by the allocation-of-loss provisions of the UCC. Accordingly, the trial court did not err in entering a summary judgment for Union State Bank in this regard.
Braden Furniture further contends that the trial court erred in entering a summary judgment for Union State Bank on its UCC claims. In its second amended complaint, Braden Furniture alleged violations of § 7-3 — 404(d), § 7 — 8—405(b), and § 7-3-406, Ala.Code 1975. In its brief to this Court, Braden Furniture’s arguments with regard to this issue are fragmented and disjointed and do not contain the legal and factual analysis necessary to comply with Rule 28(a)(10), Ala. R.App. P.
“Rule 28(a)(10) requires that arguments in briefs contain discussions of *631 facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived. Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 923 (Ala.2002); Arrington v. Mathis, 929 So.2d 468, 470 n. 2 (Ala.Civ.App.2005); Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘This is so, because “ ‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undeli-neated general propositions not supported by sufficient authority or argument.’ ” Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007) (quoting Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003), quoting in turn Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).”
White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008).
Because Braden Furniture does not make cogent legal and factual arguments justifying reversal of the summary judgment, we affirm the summary judgment in favor of Union State Bank on its claims alleging violations of the UCC as set out in the second amended complaint.

Conclusion

Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
MALONE, C.J., and SHAW and WISE, JJ., concur.
PARKER, J., concurs in the result.

. Former § 7-3-405(1), Ala.Code 1975, provided the “fictitious payee rule” and generally precluded the liability of a drawee bank to a drawer, see § 7-4-401, and the liability of a collecting bank/payor bank, see § 7-4-207. The "fictitious payee rule” is now codified at § 7-3-404.

. Section 7-3-103(3), Ala.Code 1975, defines a "drawer” as "a person who signs or is identified in a draft as a person ordering payment.”

. Section 7-3-103(2), Ala.Code 1975, defines a "drawee” as "a person ordered in a draft to make payment.”

. Section 7-4-105(3), Ala.Code 1975, defines a "payor bank” as a "bank that is the drawee of a draft.”

. A "depository bank” is defined as "the first bank to take an item even though it is also the payor bank, unless the item is presented for immediate payment over the counter.” § 7-4-105(2), Ala.Code 1975'. A "collecting bank” is "a bank handling an item for collection except the payor bank.” § 7-4-105(5), Ala. Code 1975.