Rel: June 12, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0708

_____

### Joey M. Parker

### v.

### Jennifer Parker

### Appeal from Baldwin Circuit Court
### (DR-22-900158)

BOWDEN, Judge.

Joey M. Parker ("the husband") appeals from a judgment entered by the Baldwin Circuit Court ("the circuit court") that divorced him and Jennifer Parker ("the wife"), in part, on the grounds of cruelty and domestic violence and that awarded alimony to the wife, awarded sole

legal custody and sole physical custody of the parties' minor children to the husband -- but did not require the wife to pay child support -- and divided the parties' marital property. We reverse the judgment to the extent that it awarded alimony because the judgment does not contain the express findings of fact required by Ala. Code 1975, § 30-2-57. Because we reverse the alimony award, we also reverse the judgment to the extent that it divides the parties' marital property because those two issues are interrelated. We affirm the judgment insofar as it divorced the parties on fault grounds and did not require the wife to pay child support or otherwise be financially responsible for the expenses of the parties' minor children.

<u>Procedural History</u>

On February 4, 2022, the husband filed a complaint for a divorce from the wife in the circuit court on the bases of incompatibility of temperament and abuse. On that same date, the husband also filed a motion for custody of the parties' two minor children and possession of the martial home. The wife filed an answer to the husband's complaint and a counterclaim for a divorce on February 7, 2022. In her counterclaim, the wife alleged that the parties suffered from

incompatibility of temperament and that the husband had subjected her to cruelty and acts of domestic violence. On that same date, the wife also filed a motion for the exclusive possession of the parties' marital home.

On February 16, 2022, the wife filed a motion for pendente lite spousal support. On October 4, 2022, the circuit court entered an order reflecting an agreement that the parties had reached. The order stated that the parties would share joint custody of their minor children; awarded the husband exclusive possession of the marital home and a separate condominium; ordered the husband to continue to pay for marital expenses and for the wife's rent, cell-phone bill, automobile-insurance premium, and health-insurance premium; ordered the husband to pay the wife $4,000 per month effective October 1, 2022, until trial; and ordered the parties to submit to a custodial evaluation with a counselor.

On October 17, 2023, the wife filed a motion to enforce a settlement agreement that she averred the parties had reached in September 2023. She averred that the settlement agreement provided that the parties would share joint legal custody and joint physical custody of their minor children. The wife stated that the parties appeared on September 7, 2023,

for their scheduled depositions and entered the settlement agreement into the record; however, neither party had signed a copy of the agreement. The wife stated that counsel for the husband had sent an email to counsel for the wife that stated that the husband did not intend to honor the settlement agreement. The wife requested that the settlement agreement be enforced and incorporated into the final divorce judgment. The circuit court granted the wife's motion on November 15, 2023, following a hearing.

On November 22, 2023, the husband filed a motion to suspend the wife's parenting time because of her alleged alcohol abuse, pending the entry of an order directing that she submit to drug and alcohol testing and setting forth other protective measures for the minor children. The motion included an affidavit prepared by Dr. Amy Hollimon Phillippi, a psychologist, who stated that the husband was concerned about a recent incident between the wife and one of the children and recommended that the wife seek inpatient addiction treatment and psychiatric care. On November 27, 2023, the husband filed a motion to appoint a guardian ad litem for the parties' minor children. The circuit court appointed a guardian ad litem on November 28, 2023.

4

On December 7, 2023, the wife filed a motion to require the husband to pay for her inpatient treatment. The husband filed a response to the wife's motion on December 8, 2023, in which he argued that the wife's chosen treatment facility was "opulent" and that she could seek care at another facility that would be covered by her health insurance. The husband also requested that the circuit court set aside the order awarding the parties joint custody and that the circuit court award him sole legal custody and sole physical custody of the parties' minor children. On December 18, 2023, the circuit court granted the husband's motion to suspend the wife's parenting time following a hearing on the same date.

On February 7, 2024, the circuit court entered a temporary order continuing the suspension of the wife's parenting time because the wife was in a rehabilitation facility. The circuit court ordered Dr. Phillippi, Jennifer Starling, who is another counselor, and the guardian ad litem to coordinate on a graduated parenting plan for the wife following treatment.

On February 22, 2024, the husband filed a motion to modify the pendente lite order requiring him to pay the wife $4,000 per month as well as pay for her rent. On the same date, the husband filed an

amendment to his motion, but his request remained the same -- that the circuit court hold a hearing to recalculate the amount of support and maintenance to be paid to the wife.

On November 20, 2024, the husband filed a motion to suspend the wife's visitation with the parties' minor children, alleging that the wife had relapsed since completing her addiction-treatment program. The husband alleged that it was not in the best interest of the minor children to be around the wife. On December 26, 2024, the circuit court entered an order that left the pendente lite suspension of the wife's parenting time in place. The circuit court stated again that the counselors involved and the guardian ad litem should coordinate on a graduated parenting plan for the wife to eventually return to an unsupervised parenting schedule.

On May 6, 2025, following a trial held on February 5, 2025, February 6, 2025, and April 2, 2025, the circuit court entered the divorce judgment, which stated, in pertinent part:

"It is ORDERED:

"1. That the bonds of matrimony previously existing between [the husband] and [the wife] are dissolved and they are forever divorced from each other on the grounds of

6

incompatibility of temperament, irreconcilable differences, cruelty, and domestic violence.

"....

"4. That pursuant to an agreement which was read and acknowledged in open court by the Parties, the Husband shall be awarded sole legal custody and primary physical custody of the minor children ....

"....

"6. That the Wife shall not be required to pay child support at this point in time due to her present inability to produce income which would be over and above the amounts required to meet the expectations of the parenting plan and mental health rehabilitation testified by Dr. Phillippi.

This wavier of child support is a deviation from Rule 32 of the Alabama Rules of Judicial Administration.

"....

"9. That the Husband shall be responsible for all expenses of the minor children.

"10. That the Husband shall pay the Wife, permanent periodic alimony, in the amount of Six Thousand and 00/100 Dollars ($6,000.00) per month. The Husband's alimony obligation shall begin May 1, 2025. This award is not rehabilitative alimony.

"11. That the Husband shall be awarded possession, right, title and interest to [the marital home]. That the Wife shall be awarded possession right, title and interest to the real property located at ... (hereinafter referred to as the 'River House'). The Husband shall make the River House available

7

for the Wife within sixty (60) days from the date of the entry of this Final Judgment of Divorce.

"12. That the Court finds the real property located at ... (hereinafter referred to as the 'Cotton Bayou Property') was separate property owned by the Husband, and therefore the Husband shall be awarded all possession, right, title and interest to the Cotton Bayou Property.

"13. That the Wife shall be awarded one-half (1/2) of the value of the Husband's interest in (i) the real property located at ... (hereinafter referred to as the 'Lulu's Lot') in the name of Splitting Queens, LLC and (ii) the real property located at ... (hereinafter referred to as the 'Gulf Front Lot') in the name of JPEM, LLC. The Husband shall pay the Wife her portion of the interest within forty-five (45) days of the date of the entry of this Final Judgment of Divorce.

"....

"16. That the Husband shall be responsible for the costs of all the Wife's debts and credit cards existing up to the date of trial.

"17. That the Irrevocable Trust created ... by the Husband with the sale of the Cotton Bayou Property shall be used solely for the benefit of the minor children, and no other purpose.

"....

"19. That the Parties shall equally divide all of their retirement accounts. The Court reserves jurisdiction to issue a Qualified Domestic Relations Order ('QDRO') in order to divide the Parties' retirement consistent with the provisions herein.

"20. That the Husband shall pay the Wife's attorney's fees in the amount of Twenty Thousand and 00/100 Dollars ($20,000.00). This payment may include any amounts charged on the Wife's credit cards."

(Capitalization in original.)

On June 3, 2025, the husband filed a postjudgment motion to alter, amend, or vacate the divorce judgment pursuant to Ala. R. Civ. P. 59. The wife filed a response to the husband's postjudgment motion and a motion for an interim award of attorney's fees on July 18, 2025. On August 5, 2025, following a hearing on July 22, 2025, the circuit court denied the husband's postjudgment motion and the wife's motion for attorney's fees. The husband timely appealed.

## Standard of Review

"When this court reviews a divorce judgment entered after the presentation of ore tenus evidence, we will presume that the trial court's findings on disputed facts are correct, and we will not reverse its judgment based on those findings unless the judgment is palpably erroneous or manifestly unjust. Crenshaw v. Crenshaw, 386 So. 3d 42, 51 (Ala. Civ. App. 2023). The presumption of correctness of factual findings under the ore tenus rule 'is based on the trial court's unique position to observe the witnesses and to assess their demeanor and credibility.' Glazner v. Glazner, 807 So. 2d 555, 559 (Ala. Civ. App. 2001)."

Perry v. Perry, [Ms. CL-2025-0409, Jan. 16, 2026] ___ So. 3d ___ (Ala. Civ. App. 2026). Additionally,

9

"'"[m]atters of property division rest soundly within the trial court's discretion and its determination regarding those matters will not be disturbed on appeal unless its discretion was plainly and palpably abused. Goodwin v. Estate of Goodwin, 632 So. 2d 500 (Ala. Civ. App. 1993). A division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Pride v. Pride, 631 So. 2d 247 (Ala. Civ. App. 1993). When dividing marital property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage. Hartzell [v. Hartzell, 623 So. 2d 323 (Ala. Civ. App. 1993)]."'

"Yokley v. Yokley, 231 So. 3d 355, 360 (Ala. Civ. App. 2017) (quoting Golden v. Golden, 681 So. 2d 605, 608 (Ala. Civ. App. 1996))."

Morgan v. Morgan, 322 So. 3d 531, 538 (Ala. Civ. App. 2020).

Analysis

I.   Whether the circuit court erred in awarding periodic alimony to the wife without making the statutorily required findings

The husband argues, among other things, that the circuit court did not make the express findings required by Ala. Code 1975, § 30-2-57, in

10

the provision of the divorce judgment that awarded the wife periodic alimony. Section 30-2-57 provides, in pertinent part:

"(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

"(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent

11

possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)."

This court has consistently held that "[t]he legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, to award either type of alimony, the trial court must make certain express findings after considering the various factors described in § 30-2-57 ...." Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021). That requirement includes making express findings as to the elements set forth in § 30-2-57(a) "and, if a periodic-alimony award is to be made, a finding 'that rehabilitative alimony is not feasible,' § 30-2-57(b)(1), Ala. Code 1975, based upon the trial court's consideration of the various factors described in § 30-2-57(d) & (f), Ala. Code 1975." Lopez v. Rodriguez, 379 So. 3d 455, 461 (Ala. Civ. App. 2023). When a judgment of the trial court has lacked the express findings required by § 30-2-57, we have consistently reversed the judgment and remanded the case. See Patrick v. Patrick, 419 So. 3d 555, 557 (Ala. Civ. App. 2024); Robinson v.

Robinson, 422 So. 3d 1121, 1126 (Ala. Civ. App. 2025); White v. Jones, 397 So. 3d 569, 571 (Ala. Civ. App. 2024).

In this case, the provision of the divorce judgment that awarded the wife alimony stated "[t]hat the Husband shall pay the Wife, permanent periodic alimony, in the amount of Six Thousand and 00/100 Dollars ($6,000.00) per month. The Husband's alimony obligation shall begin May 1, 2025. This award is not rehabilitative alimony." This provision clearly awarded periodic alimony without an express finding that rehabilitative alimony would not be feasible. The provision also lacks the findings required by § 30-2-57(a) -- (1) that the wife lacked a separate estate or that her separate estate was insufficient to enable her to preserve, to some extent, the economic status quo of the parties as it existed during the marriage; (2) that the husband had the ability to supply alimony without undue economic hardship; and (3) that the circumstances of the case made it equitable to award alimony. As a result, the alimony award is due to be reversed, and the cause must be remanded for the circuit court to make the required findings. This court cannot properly review the alimony award otherwise. Merrick, 352 So. 3d at 775.

Additionally,

"[i]n light of our reversal on the alimony issue, we pretermit any discussion regarding the equity of the marital property award because '[t]he issues of property division and alimony are interrelated, and they must be considered together on appeal.' Turnbo v. Turnbo, 938 So. 2d 425, 430 (Ala. Civ. App. 2006). Instead, the trial court is to reconsider the marital-property division in conjunction with any alimony determination."

Lopez, 379 So. 3d at 462. Therefore, the circuit court is directed to reconsider on remand the division of marital property, including its award of attorney's fees,[1] along with its determination of the alimony issue, and we pretermit discussion of other issues raised by the husband on appeal regarding the division of the martial property -- (1) the propriety of the monetary award to the wife representing half of the husband's interest in two limited-liability companies; (2) the propriety of the provision in the divorce judgment related to the enforcement of the trust; (3) the propriety of the division of the parties' retirement accounts; (4) the propriety of the attorney's fee award to the wife; (5) the propriety

---

[1]See Friend v. Friend, 385 So. 3d 53, 58 (Ala. Civ. App. 2023) ("Considering our reversal of the trial court's alimony award and property division in their entirety, the party's financial circumstances are undetermined, and we direct the trial court to further consider the issue of an attorney fee award on remand.")

of the division of the wife's debts; (6) the overall weight of the evidence to support the circuit court's property-division awards; and (7) his argument concerning the successor judge's denial of his postjudgment motion.[2]

II. <u>Whether the circuit court erred in granting a divorce on fault grounds</u>

The husband argues that the circuit court's entry of a divorce based on fault grounds is due to be reversed because the judgment lacks any express findings of fact. He further argues that the evidence was insufficient to support the entry of a fault-based divorce. As to the husband's first point, he cites no statute or caselaw requiring the circuit court to make express findings of fact in entering a judgment based on fault grounds. As a result, this portion of his argument is waived. See Rule 28(a)(10), Ala. R. App. P.[3]

---

[2]We note that the husband did not raise any concerns under Ala. R. Civ. P. 63 before the circuit court. Indeed, at the hearing on the husband's postjudgment motion, counsel for the husband requested that the successor judge rule on the motion without raising any issue concerning Rule 63. Rule 63 provides that a successor judge may proceed "upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice."

[3]We have previously held:

"'"Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of

15

As to the husband's argument that the evidence was insufficient to support the entry of a fault-based divorce, we disagree that the circuit court could not have reasonably found that the evidence was sufficient. "A divorce will be granted to either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when, from his or her conduct, there is reasonable apprehension of such violence." <u>Atkins v. Atkins</u>, 268 Ala. 428, 429, 108

---

facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived. <u>Moore v. Prudential Residential Servs. Ltd. P'ship</u>, 849 So. 2d 914, 923 (Ala. 2002); <u>Arrington v. Mathis</u>, 929 So. 2d 468, 470 n. 2 (Ala. Civ. App. 2005); <u>Hamm v. State</u>, 913 So. 2d 460, 486 (Ala. Crim. App. 2002). 'This is so, because "'it is not the function of this Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.'"' <u>Jimmy Day Plumbing & Heating, Inc. v. Smith</u>, 964 So. 2d 1, 9 (Ala. 2007) (quoting <u>Butler v. Town of Argo</u>, 871 So.2d 1, 20 (Ala.2003), quoting in turn <u>Dykes v. Lane Trucking, Inc.</u>, 652 So. 2d 248, 251 (Ala. 1994))."'

"<u>Braden Furniture Co. v. Union State Bank</u>, 109 So. 3d 625, 630-31 (Ala. 2012) (quoting <u>White Sands Group, L.L.C. v. PRS II, LLC</u>, 998 So. 2d 1042, 1058 (Ala. 2008))."

<u>Hooks v. Pettaway</u>, 142 So. 3d 1151, 1157-58 (Ala. Civ. App. 2013).

So. 2d 166, 167 (1959). We have found evidence to be sufficient to support a trial court's entry of divorce based on cruelty when the spouse against whom cruelty was alleged assaulted the complaining spouse to the extent of leaving bruises and admitted to spanking the complaining spouse. Sanders v. Sanders, 55 Ala. App. 72, 74, 313 So. 2d 194, 195 (1975).

In this case, the record contains evidence from which the circuit court could have determined that the parties' relationship involved physical altercations and abusive conduct. Critically, the circuit court heard ore tenus testimony on this issue, which means that it was in the best position to assess credibility and make necessary findings of fact supporting its judgment on this point. The wife testified that the husband was physically violent during the marriage beginning in 2015. She alleged that he would come home drunk during the night, drag her from bed, and spank her. She testified that, on Memorial Day in 2018, the husband pushed her, causing her to fall and break her arm. The wife also testified that the husband struck her and broke her nose on another occasion. She also testified that the husband put battery acid on her genitals. The wife further testified that, the night before the husband filed for a divorce, he came home drunk, slammed her into a cabinet,

threw her on the floor, and kicked her. The record does contain conflicting testimony as to instances of violence between the parties. Although the husband now alleges that the only evidence of violence was on the part of the wife, that is not the case. To the extent that there was evidence indicating that the parties both initiated physical altercations and instances of violence, the circuit court was in the best position to assess and weigh that evidence. Therefore, we cannot say that the circuit court exceeded its discretion in granting the parties a divorce based, in part, on cruelty.

III. <u>Whether the circuit court erred in ordering the husband to pay all expenses for the minor children and declining to order the wife to pay child support</u>

The husband argues that the circuit court exceeded its discretion in failing to require the wife to pay child support or otherwise contribute to the expenses of the minor children, which, he argues, was contrary to the best interest of the children. In support of his argument, the husband cites only Ala. R. Jud. Admin. 32(C)(1), which provides, in pertinent part, that "[t]he court may use its discretion in determining child support in circumstances where combined adjusted gross income exceeds the uppermost levels of the [child-support] schedule." He cites to no other

18

authority to support the actual crux of his argument; therefore, the argument is waived. See Rule 28(a)(10), Ala. R. App. P.; note 3, supra.

## Conclusion

Based on the foregoing, we affirm the judgment to the extent that it divorced the parties on fault grounds and ordered the husband to pay all the expenses for the minor children and declined to order the wife to pay child support. We reverse the judgment to the extent that it awarded alimony and divided the parties' marital property, and we remand the cause to the circuit court to enter an order consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Edwards, Hanson, and Fridy, JJ., concur.

Moore, P.J., concurs in the result, without opinion.